FRASER C. FULLER, Respondent, *v.* EDWARD KEMP, JR.,
Appellant.

Where a debtor offers a certain sum of money in full satisfaction of an
unliquidated demand, and the creditor accepts and retains the money,
his claim is canceled, and no protest, declaration or denial on his part,
so long as the condition is insisted upon by the debtor, can vary the
result.

Plaintiff, a physician, sent to defendant a bill of $670 for professional
services.   Defendant, on receipt, sent a letter, not disputing the services,
but questioning the justice of the charges, and inclosing a check for
$400, which he stated was in full satisfaction of plaintiff's claim; also,
that he hoped plaintiff would look at it in the same spirit, which was
"to fix a figure that would be entirely just to both parties."   Plaintiff
retained and collected the check, and again sent a bill, charging the
same amount as before, and crediting the $400.   Defendant thereupon
wrote plaintiff, stating that the check was sent in full satisfaction;
that he did not recognize plaintiff's right to retain it and repudiate the

condition, and requesting him either to return the money or retain it on the condition named. To this letter plaintiff made no reply, and subsequently brought this action to recover the balance of his account. *Held,* that there was in law an accord and satisfaction of plaintiff's claim, and no recovery thereon could be sustained; that upon receipt of defendant's· last letter, plaintiff had simply this alternative, the prompt restoration of the money or the extinguishment of the debt by its retention, and having retained the money his claim was canceled.

The distinction in the rule between a case like this, where the demand is unliquidated, and one where the claim is upon a liquidated demand, pointed out.

(Argued April 20, 1893; decided May 2, 1893.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made December 21, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*R. Floyd Clarke* for appellant. The stipulated facts make out a clear defense of accord and satisfaction. (1 Smith's L. C. [9th ed.] 613 ; *Goddard* v. *O'Brien,* L. R. [9 Q. B. Div.] 37 ; *Wells* v. *Morrison,* 91 Ind. 51; *L. A. C. Works* v. *Pender,* 21 Atl. Rep. 686 ; *Ludington* v. *Bell,* 77 N. Y. 138 ; *Sibree* v. *Tripp,* 15 M. & W. 23 ; *Bolt* v. *Dawking,* 16 S. C. 198 ; *Rockwell* v. *Taylor,* 41 Conn. 55 ; *Jaffray* v. *Davis,* 124 N. Y. 164 ; *Pulliam* v. *Taylor,* 50 Miss. 251 ; *Bidder* v. *Bridges,* 58 L. T. 656 ; *Guild* v. *Butler,* 127 Mass. 386 ; *Roberts* v. *Brandies,* 44 Hun, 468 ; *Varney* v. *Conery,* 77 Me. 527 ; *Dryden* v. *Stephens,* 19 W. Va. 1.) An unliquidated or uncertain and disputed demand overdue may be discharged by the payment of any agreed sum. (1 Smith's L. C. [9th Am. ed.] 614 ; *People ex rel.* v. *B. S. Asylum,* 96 N. Y. 640, 642 ; *Danziger* v. *Hoyt,* 120 id. 190 ; *People* v. *Suprs.,* 33 Hun, 305 ; *Brooks* v. *Moore,* 67 Barb. 393 ; *F. Bank* v. *Blair,* 44 id. 652 ; *Gates* v. *Steele,* 58 Conn. 316 ; *Hunt* v. *Taft,* 100 Mass. 91 ; *Bann* v. *Bunyon,* 62 Miss. 110 ; *Brick*

v. *Plymouth Co.*, 63 Iowa, 462; *Hinkle* v. *M. & S. L. R. Co.*, 31 Minn. 434; *Roach* v. *Gilmer*, 3 Utah, 389; *Hilliard* v. *Noyes*, 58 N. H. 312.) Where a sum certain is tendered in satisfaction of an unliquidated debt or demand, the creditor must choose between rejecting the payment altogether and accepting it on the terms on which it is made, and cannot take the money and escape from the condition on the ground that he dissented at the time, or acted under a mistake of fact or law. (*Palmerton* v. *Hufford*, 4 Den. 166, 168; *Looby* v. *Village of West Troy*, 24 Hun, 78; *McDaniels* v. *Lapham*, 21 Vt. 222; *McDaniels* v. *Bank of Rutland*, 3 Williams, 230; *Towslee* v. *Healey*, 39 Vt. 522; *Potter* v. *Douglas*, 44 Conn. 541; *Bull* v. *Bull*, 43 id. 455; *Berdell* v. *Bissell*, 6 Col. 162, 165; *U. P. R. R. Co.* v. *Anderson*, 18 Pac. Rep. 24; *S. & M. R. R. Co.* v. *Allen*, 46 Ark. 217; *L. A. C. Works* v. *Pender*, 21 Atl. Rep. 686; *Baird* v. *U. S.*, 96 U. S. 430; *Donohue* v. *Woodbury*, 6 Cush. 148.) The plaintiff, by indorsing and cashing this check, which was inclosed and referred to in the letter, executed a receipt in full to the defendant. (*Knowles* v. *Toone*, 96 N. Y. 534; *M. B. Co.* v. *Zuygzen*, 48 id. 247; *Clark* v. *Mix*, 15 Conn. 152; *Hine* v. *Bowe*, 114 N. Y. 355.) The plaintiff having accepted, indorsed and cashed the check thus sent to him on condition, has accepted a less sum as payment of a disputed demand, and executed a receipt in full for the same. (*Danziger* v. *Hoyt*, 120 N. Y. 190; *Baird* v. *U. S.*, 96 U. S. 430.) The plaintiff could not accept and use the check thus tendered conditionally without *ipso facto* assenting to the terms of the offer. (*Jaffray* v. *Davis*, 124 N. Y. 164; *Morehouse* v. *S. N. Bank*, 98 id. 503.) The overt act of acceptance of the benefit is a conclusive election to be bound by the burden, because good conscience, and good morals, and good law alike require it to be so. (*Childs* v. *M. M. Ins. Co.*, 56 Vt. 609; *Donohue* v. *Woodbury*, 6 Cush. 148; *Bull* v. *Bull*, 43 Conn. 455.) There are certain contracts in the common law known as "implied contracts," equivalent to the "*quasi* contracts" of the civil law, and the case in hand is one

of them. (*People* v. *Speir*, 77 N. Y. 144, 150; Smith on Cont. [2d ed.] 119; Chitty on Cont. [4th ed.] 63.) A promise will be implied where equity and good conscience require one, even though none was expressly made. (5 Lawson on Rights & Rem. § 2221; Leake on Cont. 70; *People* v. *Speir*, 77 N. Y. 144, 150; Bishop on Cont. §§ 226, 286; *Hathaway* v. *Payne*, 34 N. Y. 92, 109.) Where the law imposes a duty, a promise is implied even against the protestation of the party. (Metcalf on Cont. 9.)

*Henry Thompson* for respondent. The agreed facts not only show nothing upon which an accord and satisfaction can be decreed to have taken place, but, on the contrary, incontestably prove that the dispute or disagreement between the parties always existed as to the value of plaintiff's services until it was fixed at $570 by agreement of counsel. A party cannot be said to have made an accord and satisfaction of a claim when he has promptly, steadily and continuously refused so to do. (*Day* v. *McLea*, L. R. [22 Q. B. Div.] 610; *Miller* v. *Davis*, Id. 612; *Kinney* v. *Bd. of Suprs.*, 40 Hun, 53.)

MAYNARD, J. The plaintiff has brought suit to recover a balance claimed to be due for his services as a physician, and the defendant relies solely upon the defense of an accord and satisfaction. The parties have agreed upon a statement of facts embracing the entire issue raised by the pleadings, and we are required to determine whether, upon the facts stipulated, the defendant has, as matter of law, established his defense. The plaintiff's demand was unliquidated, but he alleged that his services were worth $670, and rendered a bill for that amount without specifying any items. The defendant acknowledged the receipt of the bill by letter, and expressed surprise at its magnitude, and his belief that there must be some mistake about it, and requested plaintiff to look into it and send a corrected bill as he was anxious to settle the matter at once. The plaintiff then sent an itemized bill, showing one hundred and twenty-six visits in forty-nine days,

for each of which a charge of five dollars was made, and four consultations, at the rate of ten dollars each, making a total of $670 as originally claimed. The defendant then wrote the plaintiff, inclosing a check for $400, which he stated was in full satisfaction of the plaintiff's claim for professional services against him to that date; and also saying that the deductions he had made were in the instances where five, four and three visits per day had been charged at full rates; and that he trusted the plaintiff would view the matter in the same spirit which he did, which was to fix a figure which would be entirely just to both parties; and that he had arrived at this conclusion after careful and earnest thought. The plaintiff received the letter and check, indorsed the latter and collected the money upon it, which he retained, and again sent his bill to the defendant, charging $670 for his services, and crediting upon it $400 received by check. The defendant thereupon again wrote the plaintiff, calling his attention to the express condition upon which he had forwarded the check, and that it was sent as payment in full satisfaction of the plaintiff's claim for professional services to date; that he did not recognize the plaintiff's right to retain the amount so offered, and repudiate the condition of the offer, and requesting the plaintiff either to keep the money upon the condition named, or return it to him by first mail. To this letter the plaintiff made no reply, but kept the amount of the check, and after the expiration of nearly a year brought this action for the recovery of $270, the balance of his account after applying the $400 received, in which he has recovered the sum of $170, which it was stipulated upon the trial should be the amount of the judgment, if he was entitled to recover at all.

Upon these conceded facts, we think it must be held that there was in law an accord and satisfaction of the plaintiff's claim, and that no recovery could be lawfully predicated upon it. It is unquestionably true, as the respondent's counsel contends, and as the General Term, in its opinion, very clearly states that, in order to establish a defense of this character,

there must be present in the transaction, upon which it rests, all the elements of a complete agreement — a lawful subject-matter, a sufficient consideration, and the *aggregatio mentium*, or mutual assent of the parties. The original contract, which the law implied, was an agreement on the part of the defend-ant to pay the plaintiff what his services were reasonably worth. From the very nature of the case, a further agree-ment must be reached by the parties, fixing the value of the services, or else resort must be had to a judicial determination for that purpose. The plaintiff accordingly sent his bill, in which he expressed his own views as to the amount of compensation which he ought to have. Had the defendant retained it, without objection, it would in time have become an account stated, which is a species of implied contract, and the law would have presumed a promise on his part to pay the sum charged in the bill. But the defendant, while not disputing the rendition of the services, objected to the amount of the plaintiff's charges and declined to pay the bill rendered, but sent a check for $400, stating that it was to be in full satisfaction of the plaintiff's claim, and in substance expressing the hope that the plaintiff would, upon reflection, agree with him that it was the reasonable value of his services. The plaintiff received and used the check, and had he remained silent it would have been conclusively presumed that he assented to the defendant's proposition and had agreed to receive and had received the sum tendered in discharge of his debt. But the tenor of the defendant's letter was such as to invite a reply, and while the plaintiff kept the check, he sent another bill for the same amount, upon which he credited the amount of the check as a part payment, leaving a balance, which he still claimed to be due. The just inference to be drawn from this communication was that he declined to accept the check in full payment, but had appropriated it as a partial payment of his claim, and the defendant undoubtedly so understood it. Had he then remained silent it might have been presumed that he assented to the use which the plaintiff had made of the check, and in time he would have become bound

to pay the balance as upon an account stated. But the defendant at once notified the plaintiff that he had sent the check upon condition that it should be received in full payment of his bill, and that he could not assent to any other application of the money, and that the plaintiff must either keep it upon that condition or immediately return it.

It is of no significance in this case that the remittance was by check. Both parties treated it as money, and upon the receipt of this letter the plaintiff had but a single alternative presented for his action — the prompt restoration of the money to his debtor or the complete extinguishment of the debt by its retention. The tender and the condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction. Under such circumstances the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest can affect the legal quality of his act.

Where the demand is liquidated, and the liability of the debtor is not in good faith disputed, a different rule has been applied. In such cases the acceptance of a less sum than is the creditor's due, will not of itself discharge the debt, even if a receipt in full is given. The element of a consideration is lacking, and the obligation of the debtor to pay the entire debt is not satisfied. There are many authorities which enforce this proposition, but they have no relevancy to a case like the present, where the debt was unliquidated, and there was a *bona fide* disagreement in regard to the extent of the debtor's liability. The law favors the adjustment of such controversies without judicial intervention, and will not permit the creditor to accept and retain money which has been tendered by way of compromise, and then successfully litigate with his debtor for the recovery of a greater sum. There have been some cases in our own courts where this principle has been applied, but in none that we have examined has the question arisen in the exact form here presented. (*Palmer-*

*ton* v. *Huxford*, 4 Den. 166; *Looby* v. *Village of West Troy*, 24 Hun, 78; *Hill* v. *Sommer*, 53 id. 392.) In other states there are many decisions directly in point, where the facts were not distinguishable from those appearing in this record. (*McDaniels* v. *Lapham*, 21 Vt. 222; *Preston* v. *Grant*, 34 id. 201; *Towslee* v. *Healey*, 39 id. 522; *Boston Rubber Co.* v. *Peerless Wringer Co.*, 58 id. 551; *Bull* v. *Bull*, 43 Conn. 455; *Potter* v. *Douglass*, 44 id. 541; *Reed* v. *Boardman*, 20 Pick. 441; *Donohue* v. *Woodbury*, 6 Cush. 148; *Hilliard* v. *Noyes*, 58 N. H. 312; *Brick* v. *Plymouth Co.*, 63 Iowa, 462; *Hinkle* v. *Minneapolis, etc., R. Co.*, 31 Minn. 434.) In *Preston* v. *Grant* (*supra*) the Supreme Court of Vermont very sharply, and, as we think, correctly, defined the line of discrimination which separates this class of cases from those where the defense fails. Judge PIERPONT, delivering the opinion of the court at p. 203, says: " To constitute an accord and satisfaction, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom, that if he takes it, he takes it subject to such condition. When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or accept it upon such condition. If he takes it, his claim is canceled, and no protest, declaration or denial of his, so long as the condition is insisted on, can vary the result. The principle is too well settled in this state to require either argument or the citation of authorities to support it." To make out the defense, the proof must be clear and unequivocal, that the observance of the condition was insisted upon, and must not admit of the inference that the debtor intended that his creditor might keep the money tendered, in case he did not assent to the condition upon which it was offered.

The defendant here has brought his case clearly within the rule, and is entitled to have the judgments of the General and

Special Terms reversed, and the complaint dismissed upon the stipulated facts, without costs to either party in any court, pursuant to the stipulation in the record.

All concur.

Judgment accordingly.