EAMES VACUUM BRAKE COMPANY, Respondent, *v.* THOMAS PROSSER and THOMAS PROSSER, JR., Appellants.

157  289
a166  248

1. APPEAL — CONCLUSIVENESS OF FINDING. When a finding of a referee upon a question of fact, made upon conflicting testimony, has been affirmed by the General Term, it is final and conclusive upon the parties and precludes any review of that issue by the Court of Appeals.

2. RESCISSION OF CONTRACT — RESERVATION. Where a contract is rescinded while in the course of performance, any claim in respect of performance, or of what has been paid or received thereon, will ordinarily be referred to the agreement of rescission and in general no such claim can be made unless expressly or impliedly reserved upon the rescission.

3. RESCISSION OF CONTRACT FOR SALES ON COMMISSION — ABSENCE OF RESERVATION OF COMMISSIONS ON FILLING UNEXECUTED ORDERS. An agreement rescinding a contract, under which the defendants had been sales agents of the plaintiff with the right to have and retain commissions out of their receipts from sales, contained a provision that all orders up to its date unexecuted should be filled through the defendants " as sales agents as before," but contained no express statement as to commissions. *Held*, that this provision, read in the light of the whole instrument of rescission and of the circumstances surrounding its execution, did not imply a reservation of commissions.

4. ACCOUNT STATED — ESSENTIAL ELEMENTS.  To constitute an account stated, the debtor and creditor must mutually agree as to the allowance or disallowance of their respective claims and as to the balance struck upon the final adjustment of the accounts and demands on both sides.  There must be proof in some form of an express or implied assent to the account rendered by one party to the other before the latter can be held so far concluded that he can impeach it only for fraud or mistake.

5. ACCORD AND SATISFACTION — LIMITATIONS UPON EFFECT OF RETENTION OF CHECK.  Ordinarily, the retention of a check inclosed in a letter which refers to the amount as the balance due on accounts between the parties will not be held to be an accord and satisfaction so as to bar an action for the balance due.  It is only where a dispute has arisen between the parties as to the amount due, and a check is tendered on one side in full satisfaction of the matter in controversy, that the other party will be deemed to have acquiesced in the amount offered by an acceptance and retention of the check.

6. ACTS NOT CONSTITUTING ACCORD AND SATISFACTION.  The defendants, while engaged in collecting money for the plaintiff under a rescission agreement which did not reserve commissions, as continued agents for filling orders unexecuted up to the date of the agreement, deducted commissions from the sums received and, from time to time, remitted checks for the balance only.  The plaintiff retained the remittances and credited them to the defendants, but objected early to the retention of commissions, and continued such objections through several months, to nearly every account rendered in which commissions were charged.  *Held*, that these acts did not establish an accord and satisfaction barring an action to recover the sums retained as commissions.

*Eames Vacuum Brake Co.* v. *Prosser*, 88 Hun, 343, affirmed.

(Argued October 27, 1898; decided November 22, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fourth judicial department, entered July 22, 1895, modifying and, as modified, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Watson M. Rogers* and *John Lansing* for appellants.  The defendants, as sales agents of the plaintiff, were entitled to receive and retain the commissions sued for.  (2 Kent's Comm. 555; *Miller* v. *H. & St. J. R. R. Co.*, 90 N. Y. 430; *Kratzenstein* v. *West. Ass. Co.*, 116 N. Y. 54, 57; *Holmes* v. *Hubbard*, 60 N. Y. 183; Story on Cont. § 18; Am. & Eng.

Ency. of Law, 824; *Fletcher* v. *Peck*, 6 Cranch, 136; *Russell* v. *Allerton*, 108 N. Y. 288; *Sperry* v. *Miller*, 8 N. Y. 336; *McGregor* v. *Board of Education*, 107 N. Y. 511, 517; *Roe* v. *Conway*, 74 N. Y. 201; *Johnson* v. *Oppenheim*, 55 N. Y. 280; *Rogers* v. *Lynds*, 14 Wend. 172; *Hinsdale* v. *White*, 6 Hill, 507; *McKeon* v. *Whitney*, 3 Den. 452; *Russell* v. *C. F. J. Co.*, 13 Hun, 286; *Blake* v. *Voight*, 11 N. Y. Supp. 716; *Hale* v. *B. L. Ins. Co.*, 120 N. Y. 294; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Thomas* v. *Scutt*, 127 N. Y. 133.) There has been an accord and satisfaction. (*Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Lestienne* v. *Ernst*, 5 App. Div. 373; *Hills* v. *Sommer*, 53 Hun, 392.)

*Elon R. Brown* and *A. H. Sawyer* for respondent. The right to commissions was abrogated by the agreement of settlement. When a contract is rescinded while in course of performance, no claim in respect of performance, or of what has been paid or received thereon, may be made unless expressly or impliedly reserved upon the rescission. (*McCreery* v. *Day*, 119 N. Y. 1; *Fullager* v. *Reville*, 3 Hun, 600; *Beach* v. *Endress*, 51 Barb. 570; *Long* v. *M. I. Co.*, 17 Wkly. Dig. 133.) There is nothing in the stipulation of settlement upon which to base an allowance of ten per cent commissions to the defendants on executed orders. The sales agent clause relates only to unexecuted orders. (*Woolsey* v. *Funke*, 121 N. Y. 87; *Stapenhorst* v. *Wolff*, 3 J. & S. 25; *Blake* v. *Voight*, 11 N. Y. Supp. 716.) The stipulation of settlement between the parties, read in the light of surrounding circumstances, appears to contain the engagements of the parties, and to define the object and measure the extent of their engagements, and is presumed to contain the whole of that contract. (*Eighmie* v. *Taylor*, 98 N. Y. 288; *Renard* v. *Sampson*, 12 N. Y. 561; *Miller* v. *H. & St. J. R. R. Co.*, 90 N. Y. 430; *Freeman* v *Coit*, 96 N. Y. 63; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Nelson* v. *Odiorne*, 45 N. Y. 489, 493; *Hoffman* v. *Ætna F. Ins. Co.*, 32 N. Y. 405; *Thomas* v. *Scutt*, 127

N. Y. 133; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Collender* v. *Dinsmore*, 55 N. Y. 200; *Dana* v. *Fiedler*, 12 N. Y. 40; *Long* v. *M. I. Co.*, 17 Wkly. Dig. 133; *Packer* v. *R. & S. R. R. Co.*, 17 N. Y. 283.) Prosser & Son, as the agents in possession of the plaintiff's money, could not impose a condition at the time they made the remittance which would be binding upon their principal, the owner of the money. (*Stenton* v. *Jerome*, 54 N. Y. 480; *Tutt* v. *Ide*, 3 Blatchf. 249; *Harmony* v. *Bingham*, 12 N. Y. 99.) The doctrine of accord and satisfaction works in this case in favor of the plaintiff, as all prior contracts were superseded and supplanted by the contract of settlement founded upon a new consideration. (*McCreery* v. *Day*, 119 N. Y. 1; 6 Wait's Act. & Def. 413; *Hall* v. *Smith*, 15 Iowa, 584; *Griffith* v. *Owen*, 13 M. & W. 63; *Good* v. *Cheeseman*, 2 B. & Ad. 328; *Babcock* v. *Hawkins*, 23 Vt. 561; *Rusk* v. *Soutter*, 67 Barb. 371; *Lockwood* v. *Thorne*, 18 N. Y. 285; *Young* v. *Hill*, 67 N. Y. 162; *Milwaukee County* v. *Hackett*, 21 Wis. 613; *Quincey* v. *White*, 63 N. Y. 377.) No evidence of the language used by the parties in making a contract can be resorted to except that furnished by the contract. (*Dent* v. *N. A. S. Co.*, 49 N. Y. 390; *Manchester P. Co.* v. *Moore*, 104 N. Y. 680; *Von Keller* v. *Schulting*, 50 N. Y. 108; *Humphreys* v. *N. Y., L. E. & W. R. R. Co.*, 121 N. Y. 435; *Van Ostrand* v. *Reed*, 1 Wend. 424; *Bryce* v. *Lorillard F. Ins. Co.*, 55 N. Y. 240; *Miaghan* v. *Hartford F. Ins. Co.*, 12 Hun, 321; *Moran* v. *McLarty*, 75 N. Y. 25; *Paine* v. *Jones*, 75 N. Y. 593; *Avery* v. *Eq. L. Ass. Socy.*, 117 N. Y. 451; *Casey* v. *Manhattan Ins. Co.*, 11 Wkly. Dig. 198; *Bishop* v. *Clay Ins. Co.*, 49 Conn. 167; *Mead* v. *Westchester F. Ins. Co.*, 64 N. Y. 453; *Ford* v. *Joyce*, 78 N. Y. 618; *Bartholomew* v. *M. M. Ins. Co.*, 34 Hun, 263; *Smith* v. *Knapp*, 18 Wkly. Dig. 95; *Roberts* v. *Elwood*, 116 N. Y. 651; *Nevins* v. *Dunlap*, 33 N. Y. 676; *Philip* v. *Gallant*, 62 N. Y. 256; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 31 Barb. 72; *Jackson* v. *Andrews*, 59 N. Y. 244, 247; *Ledyard* v. *Hartford Fire Ins. Co.*, 24 Wis. 497; *Riley* v. *Mayor, etc.*, 96 N. Y. 333.)

HAIGHT, J.   The plaintiff, a corporation, is engaged in the manufacture of air brakes.   In 1877 it entered into a contract with the defendants whereby it appointed them sole agents throughout the United States and Canada for the sale of all the brakes made by the company, the defendants to receive for their services ten per cent of the net receipts, to be deducted on the receipt of the price paid to them on such sales.   In June, 1882, the defendants leased from the plaintiff, in the absence of the president of the company, all its property, real and personal, including its plant for the manufacture of brakes, and entered into the possession thereof.   Soon afterwards Frederick W. Eames, the president, and Martha S. Eames, as stockholders in the company, brought an action against the defendants to set aside the lease as *ultra vires.* This action resulted in a judgment of ouster against the defendants.   An appeal was then taken to the General Term, and during the pendency of that appeal, and on the 23d day of May, 1883, the parties entered into a written agreement, in and by which the suit was settled, the contract of 1877 canceled, and all of the property of the company obtained by the defendants through the lease retransferred to the company, including all stock and materials manufactured and in process of manufacture, and all orders received for goods not filled in full, together with orders which may be thereafter received by the defendants growing out of their connection with the business.   This agreement was in consideration that the plaintiff "pay to the said Prossers, for their advances in said business and for said property as follows : The said company to give to the said Prossers its note, dated May 19, 1883, on interest at four months, to be satisfactorily indorsed, for the amount due thereon on account of advances, being hereby agreed and fixed at $25,452.98, said Prossers to hold said note, collect the outstanding accounts and those for orders unfilled at this date, and as fast as collections made to apply on said note till paid, and when note is paid the balance collected of said accounts to be paid and those not collected be transferred to the company, and the said company to pay to the

said Prossers $10,000 in cash, said note and cash to be given and paid in fifteen days from this date; and upon such note and cash being given and paid the transfers, assignments and delivery of above property to be given by the said Prossers as aforesaid, the said Prossers to use all due diligence in collecting said accounts. All orders up to this date unexecuted to be filled through the said Prossers as sales agents as before."

The $25,452.98 note was given and the $10,000 cash was paid by the plaintiff in accordance with the provisions of the agreement, and the Prossers collected from the outstanding accounts and from the accounts on orders which were unexecuted at the time of the settlement, more than sufficient to pay the $25,452.98 note, and assigned and transferred to the plaintiff the property of the company, but in the collections made by them they retained ten per cent as commissions, claiming that they were still entitled thereto under the contract of 1877. This action was brought to recover the amount of such commissions.

The answer alleged that the defendants' right to retain commissions was expressly reserved by the contract of May 23d, 1883; that there had been an account stated, which operated as a settlement between the parties; that there was a mistake in the contract of May 23d, 1883, in not expressly reserving the commissions, and judgment, among other things, was asked that the contract be reformed in that particular and the complaint dismissed. The case was, by consent of parties, referred to a referee, and upon the trial there was a sharp contest over the issue raised with reference to there being a mutual mistake in the contract. Evidence was given on behalf of the defendants to the effect that the understanding was that they were to have commissions, and equally as positive evidence was given on behalf of the plaintiff that commissions were not to be allowed; that the settlement was a complete settlement as of the date of the instrument, for which the defendants were paid a bonus of $10,000, and that the accounts and unfilled orders were left in the hands of the defendants for the purpose of enabling them to make collections and satisfy

their $25,452.98 note. The names of several prominent and well-known lawyers appear among the list of witnesses sworn upon this issue. The referee found the facts in favor of the plaintiff and awarded judgment for the amount of the commissions, and that judgment has been affirmed in the General Term. The finding of the referee upon that issue, having been made upon a conflict in the testimony, and having been affirmed in the General Term, is final and conclusive upon the parties and leaves nothing upon that issue which this court has the power to review.

It is now contended, however, that the contract of May 23d, 1883, when properly construed, reserves to the defendants the commissions, and that no reformation of the contract was necessary. This contention is based upon the concluding sentence in the contract: " All orders up to this date unexecuted to be filled through the said Prossers as sales agents as before." Prior to this and under the contract of 1877, the Prossers made sales as agents, collected the moneys due upon sales made and retained therefrom their commissions, remitting the balance to the plaintiff, and the argument is that the provision of the contract for orders to be filled through the Prossers as sales agents, as before, entitled them to retain their commissions as before. It will be observed, however, that nothing is said in the contract about the commissions. It treats only of filling unexecuted orders, and provides that these orders shall be filled by the Prossers, as agents, as before. It has reference to the manner and the persons by whom unexecuted orders are to be filled, and remains silent with reference to the rights of the parties thereunder.

In the case of *McCreery* v. *Day* (119 N. Y. 1), ANDREWS, J., in delivering the opinion of the court, says: " Where a contract is rescinded while in the course of performance, any claim in respect of performance, or of what has been paid or received thereon, will ordinarily be referred to the agreement of rescission and in general no such claim can be made unless expressly or impliedly reserved upon the rescission." Adopting this language as correctly stating the rule, it is evident

that the agreement of rescission does not in this case expressly reserve to the defendants the commissions.　Does it impliedly reserve them ?　In determining this question we may properly take into consideration the surrounding circumstances under which the parties were acting and the contents of the instrument, of which the clause in question forms a part.　Referring to these circumstances, we find the parties to have been engaged in a sharp litigation and then in the act of effecting a settlement.　The plaintiff was to pay the defendants, within four months, the amount of the advances made by them, which amounted to $25,452.98.　This amount was secured by a note, and as collateral security for the payment of the note, the Prossers were to hold the outstanding accounts, fill the uncompleted orders, collect the accounts and apply the same in payment of their note.　In addition to this, the plaintiff was to pay the defendants $10,000 in cash.　The defendants agreed, in consideration therefor, to surrender the stock of the plaintiff corporation, which they had theretofore held as collateral security for advances made to the company, to cancel and surrender its agreement of 1877, and to transfer and assign over to the plaintiff all stock and materials manufactured and in process of manufacture, including all not disposed of, which were transferred and delivered to them by the company under the lease, and which had been purchased or manufactured in the business since, and also to transfer and assign to the company all orders received for goods and not filled in full, together with all orders which may be hereafter received by them growing out of their connection with the business.　It is thus plain from the express wording of the instrument that the unfilled orders became, and were intended to become, the property of the plaintiff upon the execution of the contract, and in the absence of any provision showing a reservation of commissions as a consideration for the transfer of the unfilled orders, we think it must be assumed that these orders were transferred to the plaintiff as a part of the consideration for which the $10,000 in cash was paid.　We agree with the court below that there is nothing in the provisions of the contract or in the circum-

stances surrounding the parties at the time it was executed, from which it can be said that the referee erred in holding that the commissions were not impliedly reserved in the contract of rescission. Should we treat the contract as ambiguous and resort to the parol testimony for the purpose of ascertaining the meaning of the parties? The result would be the same, for we should then meet the issue of mutual mistake which has been tried and determined, and in which it has been found as a fact, upon controverted testimony, that it was not the intention or understanding that the defendants should have commissions upon these orders.

Upon the issue of accord and satisfaction the referee has found that the moneys remitted to the plaintiff by the defendants, as proved upon the trial, were moneys which the defendants had received as the plaintiff's agents, and that there was no account stated between plaintiff and the defendants as to items in controversy in this action. It appears from the evidence that, after the settlement was entered into, the defendants from time to time rendered statements to the plaintiff showing the amount of collections made by them and applied upon the note, and in such statements sales agents' commissions of ten per cent were deducted. No money or checks were transmitted to the plaintiff with these statements; none was due, for the note had not at this time been paid in full. It thus ran along until the third of August, when the plaintiff wrote the defendants, raising objection to the correctness of their statements in charging ten per cent commissions, and on the third of September they again objected to the statement rendered in which commissions had been charged. On the 19th of September, 1883, the defendants rendered a general statement, including the monthly statements theretofore rendered, in which they showed that the amount of their collections had been sufficient to pay the note in full, leaving a balance in their hands of $5,976.82, and concludes with the words: " Check to balance." This statement and check appear to have been received by the plaintiff on the 22d of September, 1883, and on that date the plaintiff, through its

38

secretary, writes the defendants as follows: " Yours of the 20th, with statement and check, received. We object, as heretofore, to the ten per cent commission you claim and deduct. We credit on account your check for $5,976.82." The note having been paid in full under the terms of the contract, all of the accounts then remaining were .to be transferred and assigned to the plaintiff, but for some reason not clearly disclosed, the defendants appear to have made some small collections thereafter, rendering statements therefor, and on each statement remitting by check the balance, after deducting commissions. This continued until the 28th day of December, when the final transfer of accounts appears to have been made. In all of the letters transmitting checks they commence with the phrase, " Enclosed please find check for ; " then follows the name of the account, with the items collected, less the ten per cent commission. In one only do we find any qualification, and that is in the statement of October 4th, 1883, in which, after the words " Enclosed please find check " follows the statement " being in full for following bills against Fitchburg R. R., August 10, 15, 18th." The plaintiff from time to time objected to these statements on the ground that commissions were deducted. Does this amount to an account stated, in such a manner as to be treated in law as a settlement between the parties ? The referee, as we have seen, has found that it was not and his finding has been approved by the General Term. It is contended, however, that the cases of *Fuller* v. *Kemp* (138 N. Y. 231) and *Nassoiy* v. *Tomlinson* (148 N. Y. 326), in effect hold that the facts to which we have referred constitute an account stated, in which the plaintiff is deemed to have acquiesced. In the case of *Fuller* v. *Kemp* a physician had rendered a bill for professional services of $670. The defendant, on the receipt of the bill, wrote the plaintiff questioning the justice of his charge and inclosing a check for $400, which he stated was to be in full satisfaction of the plaintiff's claim. The plaintiff retained and collected the check and then again sent a bill charging the same amount as before and crediting thereon

$400. The defendant thereupon wrote him stating that the check was sent him in full satisfaction; that he did not recognize the plaintiff's right to retain it and repudiate the condition, and requested him either to return the money or to retain it upon the condition named. To this letter the plaintiff made no reply, but subsequently brought an action to recover the balance. In that case it was held that there was an accord and satisfaction; that upon the receipt of the last letter the plaintiff had the alternative of a restoration of the money or the extinguishment of the debt; that by its retention his claim became canceled.

In *Nassoiy* v. *Tomlinson* the defendant wrote the plaintiff, inclosing a check for $300 as his commission on the sale of real estate. He concluded his letter with the request that the plaintiff sign and return the inclosed voucher, which was a receipt in full for his commissions. To this the plaintiff answered: "I do not know what you mean by sending me a check for $300; I want my 5 per cent commission on the $30,000." No reply was made by the defendant to this letter, although one was requested. Subsequently, the plaintiff saw the defendant and asked him what he meant by sending a check for $300, and told him he wanted 5 per cent commission and that that was the understanding between them. The defendant then told him that he would not give one cent more; that he was only entitled to the $300 and that his check had paid that. The plaintiff retained the check for seven months and then drew the money on it and wrote the defendant inclosing a receipt for $300 as part payment for his services, and insisted on his being paid the balance claimed by him. The defendant answered back, acknowledging the receipt of the letter and stating that he should consider the payment in full for all commissions. Plaintiff did not return or offer to return the money paid to him, but subsequently brought an action to recover the balance which he claimed to be his due. This court held that the retention of the check was an accord and satisfaction, following the case of *Fuller* v. *Kemp*. In these cases the doctrine of accord and satisfaction was carried

to the extreme limit, and it is not our purpose to further extend the rule. In those cases there were disputed claims, and the checks were deemed to have been offered in each instance as a settlement, and under such circumstances that the plaintiff could not well accept and retain the money without being deemed to have acquiesced in the settlement proposed. In the case under consideration we have no such tender of checks as a settlement between the parties. The one case, that of October 4th, in which the words " settlement in full " appear, has reference to being in full of the Fitchburg account for the days named and not to a settlement between the plaintiff and defendants of the controversy between them. It is true that an account stated is conclusive upon the parties to it unless impeached for fraud or mistake, but the debtor and creditor must mutually agree as to the allowance or disallowance of their respective claims and as to the balance struck upon the final adjustment of the accounts and demands on both sides. Their minds must meet in making the agreement the same as in other agreements. It need not be by direct and express assent, but such assent may be implied from the circumstances. If one party presents his account to the other and the latter makes no objection it may be inferred that he is satisfied with and assents to it as correct. If an account be made up and transmitted by one party to the other and the latter keeps it for a considerable time without making any objection he is deemed to have acquiesced in it, but there must be proof in some form of an express or implied assent to the account rendered by one party to another before the latter can be held to be so far concluded that he can impeach it only for fraud or mistake. (*Stenton* v. *Jerome*, 54 N. Y. 480 ; *Lockwood* v. *Thorne*, 11 N. Y. 170 ; *S. C.*, 18 N. Y. 285 ; *Young* v. *Hill*, 67 N. Y. 162 ; *Quincey* v. *White*, 63 N. Y. 377.) Ordinarily, the retention of a check inclosed in a letter which refers to the amount as the balance due on accounts between the parties, will not be held to be an accord and satisfaction so as to bar an action for the balance due. (*McKay* v. *Myers*, 168 Mass. 312 ; *Day* v. *McLea*, L. R. [22

Queen's Bench Div.] 610.)   It is only in cases where a dispute
has arisen between the parties as to the amount due and a
check is tendered on one side in full satisfaction of the matter
in controversy that the other party will be deemed to have
acquiesced in the amount offered by an acceptance and a reten-
tion of the check.   (*Nassoiy* v. *Tomlinson, supra ; Fuller* v.
*Kemp, supra.*)  In this case the defendants were engaged in
collecting money for the plaintiff; their character was that of
agents.   From time to time they remitted balances to the
plaintiff.   It was the plaintiff's money.   It objected early to
the retention of commissions by the defendants, and continued
such objection through several months, to nearly every account
rendered in which commissions were charged.   We think the
court below properly held that no accord and satisfaction were
established.

The judgment should be affirmed, with costs.

All concur, except O'BRIEN and VANN, JJ., not voting, and
MARTIN, J., not sitting.

Judgment affirmed.