(27 Misc. Rep. 634.)

AMER et al. v. FOLK et al.

(City Court of New York, General Term.   May 26, 1899.)

PAYMENT—RETURN OF GOODS—CASHING CHECK FOR BALANCE.

A buyer returned part of goods shipped to him, writing the seller that they were unsatisfactory. The seller replied, refusing to receive the goods, and claiming that the sale was straight, the buyer having looked at them before buying. Thereafter the buyer sent a check, stating that it was in settlement of the bill, less the goods returned. *Held* that, by cashing the check, the seller accepted it as a settlement in full.

Appeal from trial term.

Action by Edward C. Amer and another against John H. Folk and another. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

Blumensteil & Hirsch, for appellants.

Hastings & Gleason, for respondents.

FITZSIMONS, C. J.   On October 21, 1896, defendants purchased from plaintiffs certain skins, valued at $4,263.94. These goods were delivered to defendants prior to October 28th. On the last-mentioned date, defendants wrote to plaintiffs as follows:

"October 28th, 1896.

"Mess. Wm. Amer & Co.—Gentlemen:   We had to go over the entire lot of stock again to find the 10 dozen which were short, and we found that you were right, but, on examination of the entire lot of stock, we find a vast difference. The writer examined every bundle himself, and found 82 bundles which were not. So we returned you this day, via New Line, those bundles, as inclosed memorandum, which are not. Kindly credit same to our account, and oblige,                                        Folk & Fritz."

The memorandum inclosed itemized the goods returned, and fixed their value at $1,038.41. On October 29th plaintiff wrote defendants as follows:

Messrs. Folk & Fritz, 44 Warren Street, New York, N. Y.—Gentlemen:   Your letter received, with regard to stock sold. In the first place, it was a straight sale. You looked through all the goods, and bought them, with the remark, 'I will take the lot, and chance.' The stock sent was the same you looked at, and the lot you refused we still have on hand. Now, as this was a straight sale, we refuse to receive the goods. Your next-door neighbor wanted the goods, and claimed them, even threatening us with a lawsuit.

"Yours, truly,                                        Wm. Amer & Co."

On November 13th the defendants again wrote plaintiffs as follows:

"Mess. Wm. Amer & Co.:   Inclosed find check for $3,880.38, in settlement of bill of October 21st, less merchandise returned and discount. Please acknowledge receipt, and oblige,                                        Folk & Fritz."

A check for $3,880.38, dated November 13th, payable to the order of plaintiffs, was inclosed. This check was immediately cashed by plaintiffs upon its receipt. These facts clearly establish that on November 14th, when plaintiffs cashed the check just referred to, they were aware of the fact that the defendants contended that

said check was regarded by them as fully paying the debt due for the goods delivered, and that they (defendants) would recognize no further indebtedness as due on said account. The defendants so certainly understood the situation. If it was not agreeable to them, it was their duty to return the check, and refuse to accept the settlement so offered; but, having accepted the check, it follows, as a matter of law, that the claim in question is canceled and fully paid. The use of the check was ipso facto an acceptance of the condition. The trial justice was right in dismissing the complaint. There were no facts to submit to the jury. See Hills v. Sommer, 53 Hun, 392, 6 N. Y. Supp. 469; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; and Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715.

The exceptions must be overruled, and judgment ordered for defendants, with costs and disbursements in the court below and in this court. All concur.