### TERRY & TENCH CONST. CO. v. LEESON.

(Supreme Court, Appellate Term. June 22, 1903.)

1. ACCORD AND SATISFACTION—EVIDENCE.

Defendant sublet a portion of a city contract to plaintiff, and after performance it was agreed that plaintiff should add to its bill to be submitted to the city 15 per cent. for the benefit of defendant's representative in charge of the work and a co-worker in interest. Two bills were prepared—one for the correct amount rendered to defendant, and the other with the 15 per cent. added for presentation to the city. Thereafter defendant's bookkeeper told plaintiff's bookkeeper, who came for a check for the amount due plaintiff, that the 15 per cent. was to be deducted from the bill, which she remarked was not according to her books. Defendant's bookkeeper replied that defendant was out, and that the check could not be then changed, and plaintiff's bookkeeper, believing that the difference could be settled later, receipted the account, accepted the check, and deposited it. Plaintiff promptly demanded the unpaid balance of the account, and defendant asked the return of the check or its equivalent, which was not done. *Held*, that such facts did not establish an accord and satisfaction.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Terry & Tench Construction Company against William G. Leeson. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

C. W. Dayton, Jr., for appellant.
Kellogg & Rose, for respondent.

MacLEAN, J. The defendant, with whom one Dougherty was representative in charge and co-worker in interest, having a contract with the city about the Third Avenue Bridge, sublet a part of the undertaking to the plaintiff, by which also some extra work was done. When all was performed, and upon a call of Dougherty at the plaintiff's office, it was agreed between Dougherty and Tench, vice president of plaintiff, that 15 per cent. should be added for Dougherty's benefit to the items for labor in the bill for extra work, and there were given Dougherty (says Tench) two bills—one for the amount as it should be, the other with the 15 per cent. grafted into it for presentation to the department of bridges. Learning later by telephone that the check was ready for his company, Tench sent the bookkeeper for it. The defendant's bookkeeper, who was a man, told the plaintiff's bookkeeper, who was a woman, that the 15 per cent. was to be deducted, and handed her a check accordingly.

Her only murmur was a remark that it was wrong according to her books. The man said Mr. Leeson was out, and no change could be made then, because he was the only one who could sign checks. The woman "thought it could be settled all right after," receipted the account, took the check, and apparently deposited it straightway. Upon her report of how she had done her errand came this candid controversy, wherein, be it said incidentally, there was small cavil about a combination to jack up the charges to the city. Tench properly demanded the unpaid balance of account. Defendant's bookkeeper asked him to return the check or its equivalent in money. Failure to return anything under the circumstances was pleaded in the answer as accord and satisfaction, and this it was held to be by the justice, who, in rendering judgment, said he thought the case was the result of an honest mistake made by the parties. That the facts in evidence did not make out accord and satisfaction is shown by several of the decisions in the array of citations on each brief, and notably in the opinion of the court in Fuller v. Kemp, 138 N. Y. 231, 238, 33 N. E. 1034, 20 L. R. A. 785, much relied upon by the respondent. Reversible error appears also in the exclusion of the bill presented to the city, but the stated ground upon which the defendant recovered is sufficient for present disposition of the judgment.

Judgment appealed from reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs. FREEDMAN, P. J., concurs in result.