WEST SIDE LAUNDRY CO. v. CALUMET HOTEL CO.

(Supreme Court, Appellate Term. April 10, 1907.)

1. ACCORD AND SATISFACTION—PART PAYMENT.

Accord and satisfaction is not shown by the fact that after summons, stating the claim as $88.86, was served, defendant sent a check for $18.-83, which plaintiff retained; there being nothing to show that the check was not sent unconditionally, and with the understanding that liability for the balance should be determined by the result of the suit or by some adjustment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Accord and Satisfaction, § 46.]

2. EVIDENCE—SUFFICIENCY TO AUTHORIZE RECOVERY.

There is no evidence of value on which defendant, in an action for a laundry bill, can be given an allowance of part of the amount of its coun-

terclaim for articles delivered to plaintiff and not returned, the only testimony being as to the aggregate cost of a number of different kinds of articles, when the evidence is not sufficient to show a failure to return the whole of such number.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the West Side Laundry Company against the Calumet Hotel Company. From a judgment for plaintiff after a trial without a jury, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Herman G. Friedman, for appellant.

A. Frank Cowen, for respondent.

GIEGERICH, J.. The action was brought to recover the sum of $70.03, claimed to be a balance due for laundry work performed by the plaintiff for the defendant. The defendant set up a counterclaim for that amount, representing the value of the goods received from time to time by the plaintiff to be laundered, but which were never returned. The defense of accord and satisfaction was also set up. The pleadings were oral.

So far as accord and satisfaction is concerned, there was clearly a failure to substantiate such defense. The facts shown on that point are as follows: The plaintiff's original claim, as stated in the summons, was $88.86. After the summons was served, the defendant gave the plaintiff a check for $18.83, which the plaintiff retained, but demanded the balance. On behalf of the defendant it is insisted that, inasmuch as the dispute was pending at the time the check was given, its retention constituted an accord and satisfaction, and is a bar to the action. Three recent decisions in the Court of Appeals are relied upon, namely, Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 185, Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, and Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986. The present case differs in a marked degree from the first two just cited, because here there is nothing whatever to show that when the check was sent it was accompanied by any condition that its retention would be deemed as an acceptance in full of account, or any notice that, if the plaintiff was unwilling to receive it on such terms, it should be returned. In the last case cited the Court of Appeals, after referring to Nassoiy v. Tomlinson and Fuller v. Kemp, supra, stated that in those cases the doctrine of accord and satisfaction was carried to the extreme limit, and that it was not the purpose of the court to further extend the rule, and accordingly it refused to apply it to the facts in the case then under consideration, although those facts went much further than those in this case to establish an inference that the payment was sent with a condition that, if retained, it should be retained as payment in full. Indeed, in the present case there is nothing to warrant any such inference. On the contrary, for aught that appears, the check was sent unconditionally, and with the understanding that the amount in dispute, namely, $70.03, was to be determined subsequently by the result of the suit or by some adjustment.

Passing, now, to the defendant's attempted proof of its counterclaim, it is found that the only evidence given as to the value of the articles claimed to have been sent to the plaintiff and not returned is the testimony of the defendants' manager, who swore to the aggregate cost of articles of the number and kind enumerated by him in his testimony. He himself did not profess to know the number of such missing articles, or "shortages," as they were termed upon the trial, but relied upon lists kept from day to day by the housekeeper of the hotel of the various pieces of linen sent to the laundry and received back. A comparison of his testimony, which purports to be a summary and addition of the articles testified to by her, shows extreme discrepancies. For example, he testified to 13 as the number of tablecloths and 12 as the number of sheets; whereas; a correct count of the housekeeper's lists shows only 5 of the former and 4 of the latter. It is impossible to make any apportionment, and discover in what sum the counterclaim might have been allowed, because the manager's testimony as to value is given in a lump sum, and is based upon the respective totals he gives of the various and numerous kinds of linen articles. It might be remarked, in closing, that there was a sharp conflict of evidence as to whether or not the plaintiff had received any linen that had not been returned. Witnesses were called on the plaintiff's behalf, who testified to daily records which they kept of the goods received from the defendant and returned to the defendant, and that such records showed no goods unaccounted for.

In passing upon this appeal we have received and considered as part of the case on appeal page 39 of the stenographer's minutes, as it appears annexed to the appellant's notice of argument, and also the books that were handed up to the trial judge on his request.

Judgment affirmed, with costs. All concur.