RAUH v. WOLF et al.

(Supreme Court, Appellate Term.  June 5, 1908.)

1. Accord and Satisfaction—Payment by Check—Payment in Full—Effect.

Where a check is sent which is claimed to be in full payment of a claim, the receipt and retention thereof by the payee without objection constitutes an accord and satisfaction of the claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Accord and Satisfaction, § 76.

For other definitions, see Words and Phrases, vol. 1, pp. 81–84; vol. 8, p. 7561.]

2. Same—Acceptance in Part Payment.

Plaintiff was employed by defendants to perform certain services, and the latter sent him a check for a certain sum as being the amount due plaintiff up to October 1st; the check stating on its face that it was "in full of account." Plaintiff replied by letter that he retained the check as payment in full up to October 1st, but that it was not full payment under their agreement, and, if defendant intended it as such, plaintiff would return it, and would not cash the check until a certain date to enable defandant to reply. Defendant did not reply, and plaintiff cashed the check. Held, that defendant, by remaining silent after receiving plaintiff's letter, must be presumed to have assented thereto, and the check was not an accord and satisfaction of plaintiff's entire claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Accord and Satisfaction, § 76.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Rauh against Abraham Wolf and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

L. Levene, for appellants.
White & Case, for respondent.

PER CURIAM. Plaintiff claims he was engaged by defendants to perform services for them in March, at the rate of $2,500 a year, for the balance of the year. The pleadings were oral, and the defendants claimed an accord and satisfaction arising out of the following facts: The defendants calculated the sum of $950 as being the amount due to plaintiff up to October 1st, and inclosed him a check for that sum, which check stated on its face that it was "in full of account." Plaintiff replied, in a letter stating that he retained the check as payment in full of account up to October 1st:

"That this is not, however, in full payment of your obligations under our agreement. If you intend this payment as a full satisfaction, I am entirely willing to return it, as I shall insist, as before stated, upon your complying with your part of the contract. I shall not cash the check until the 15th inst., until after you have had an opportunity to reply to this letter. I certainly do not accept the check in full of the contract, but only in full till October 1st, as you must have intended it."

The defendants did not reply to the latter, and plaintiff cashed the check, which was paid.

Where a check is sent, which is alleged to be in full payment of a claim, when the party receiving the check retains it and cashes it without objection, this constitutes an accord and satisfaction. However, in Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, a similar state of facts occurred, and the court said, referring to a letter similar to the one sent by plaintiff in this action:

"The just inference to be drawn from this communication was that he declined to accept the check in full payment, but·had appropriated it as a partial payment of his claim, and the defendant undoubtedly so understood it. Had he, then, remained silent, it might have been presumed that he assented to the use which the plaintiff had made of the check, and in time he would have become bound to pay the balance as upon an account stated."

As, after the receipt of plaintiff's letter, the defendants remained silent, it must be presumed they assented to the use made by plaintiff of the check.

The plaintiff endeavored to obtain other employment, was ready and willing to work during the month of October, and there is no other reason for disturbing the judgment; the other points now raised on the appellants' brief not having been raised below.

Judgment affirmed, with costs.