## DUPLANTIE v NATIONAL CASH REGISTER COMPANY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1098.  Decided Jan 20, 1932

Irvin C. Delscamp, Dayton, for plaintiff in error.

R. N. Brumbaugh, Dayton, and Ezra Kuhns for defendant in error.

ALLREAD, PJ.

We may concede that such check had the effect of reviving the claim as against the statute of limitations, but we cannot agree to the proposition that it was revived as a liquidated claim. In the first place the voucher check describes the claim as "part payment for services rendered in early days." This did not contemplate a liquidated claim. In order to make the further claim that it was revived not only as against the statute of limitations but to make the claim a liquidated one would require a further statement that the payment was upon the contract for the payment of $20,000.00 for services in early days. The testimony of the plaintiff which shows that the Pattersons made the contract originally for a payment of $20,000.00 is not sufficient of itself to show that Patterson revived this verbal contract for the payment of $20,000.00 or that he contemplated that the plaintiff was claiming under a verbal contract for payment of that amount. He must have known that the statute of limitations would bar relief upon such a contract and as no claim had been made in any written communication to him we cannot escape the conclusion that the claim itself was not a liquidated claim at the time of the issuing of the check for $1000.00 in 1920. The contention that a liquidated claim is not subject to a settlement for a smaller amount is a technical claim. The rule is laid down in 1st Ohio Jur. p. 162, that "the rule is highly technical and is looked upon with disfavor by the courts and its operation confined to cases strictly within it." The history of this rule is discussed by Mr. Justice Fuller in the case of Railway Company v Clark, 178 US, 353-365 and the conclusion is thus stated:

"The result of the modern cases is that the rule only applies when the larger sum is liquidated and when there is no consideration whatever for the surrender of part of it; and while the general rule must be regarded as well settled, it is considered so far with disfavor as to be confined strictly to cases within it."

The case of **Harper v Graham, 20 Ohio, 106** is in point. Judge Ranney on behalf of the court rendered the opinion. This case was founded upon a judgment rendered in the courts of Ohio against Harper, the plaintiff in error. The authorities all show that a judgment standing alone is a liqui-

dated claim. Here, however, the defendant had left the state after the rendition of the judgment and went to Arkansas. He offered to the plaintiff in the Ohio case a compromise of the judgment. The original judgment was for $1716.96 and the costs, $52.99. He offered to pay $500.00 on the judgment, the costs in the case and the attorney fees of the plaintiff's attorney in the sum of $100.00. This was paid. The question was afterwards made whether this was a valid accord and satisfaction. It was held by Judge Ranney speaking for the court that the judgment was rendered because of the provisions therein for a payment of $100.00 to the plaintiff's counsel. In the course of this opinion Judge Ranney says:

"It was very early settled as a rule of the common law, that the payment of less than the sum due upon a liquidated demand, although agreed to be received in full satisfaction, could not be insisted upon as such, because there was no valuable consideration to uphold the agreement to relinquish the balance. But if the party to whom the money was coming executed a release, under seal, for the same debt, he was effectually barred, although he should have received nothing upon it. The rule and the reason were purely technical, and often fostered bad faith. The history of judicial decisions upon the subject has shown a constant effort to escape from its absurdity and injustice,"

This defense in the present case is a technical one and is not to be enlarged but confined strictly to the facts of the case. Was there any defense to this claim for $20,000.00 at the time of the issuing of the check for $1000.00 in 1920? We think counsel for the plaintiff in error ignores the fact that the claim on the express contract was not shown by any writing and that the claim itself is so stale that the Cash Register Company could have defended against the claim. It was in no sense a liquidated claim. It was at most a claim of such doubtful import that it was subject to a compromise. To hold that the issuing of the check concludes the Cash Register Co. from questioning the so-called liquidated claim for $20,000.00 ignores the situation of the original claim at the time of the payment of $1000.00. The claim for $20,000.00 was not a liquidated claim and to the assertion of the claim the Cash Register Company would have had a complete defense prior to the giving of said check.

In the case of Fuller v Kent, decided by the New York Court of Appeals, 138 N.Y., 231, there is a note to the report of the case in 20 L.R.A., 785. The purport of this note and also the decision are to the effect that any defense against the so-called liquidated claim before the payment is sufficient to destroy its character as to liquidation.

In our judgment there is no doubt that the claim upon the contract was not at the date of the issuance of said check a liquidated claim, and is not entitled to the status of liquidation after the issuance and payment thereof of the check. It is urged that the case should at least have gone to the jury upon the question of liquidation and that the court erred in deciding it as a matter of law. This question has been before the courts of this state and it has been decided that where there is any doubt upon the issue as to accord and satisfaction the case must be submitted to the jury, but in a case where the facts are clear and undisputed the court may decide the question as a matter of law and instruct a verdict accordingly. The question here is whether the facts are so clear and undisputed as to justify the court in directing a verdict. We are of opinion that they are. The claim was undoubtedly a non-liquidated claim. Even the evidence of the plaintiff did not tend to take the case out of this status prior to the issuance of the check in July 3, 1920. There is no effort to prove that the verbal status of the claim did not make the claim unliquidated and that the issuance of the checks were confined to the status of the claim as then presented. We therefore reach the conclusion that the trial judge was within his rights in instructing the verdict. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.