In the Matter of the Application of LIBERATO ZOCCOLILLO, Petitioner, against LEON WEINBERG, Respondent.

Supreme Court, Onondaga County, May 16, 1934.

*Rosenberg & Aloi*, for the petitioner.

*Saul Kauffman*, for the respondent.

DOWLING, J. Petitioner brings this proceeding under section 333-b of the Real Property Law for the discharge of a mortgage given by him to the respondent September 1, 1928, in the amount of $1,000, with interest at six per cent. This mortgage was given to secure payment of a bond in the same amount. The mortgage was to run for one year.

On July 31, 1929, petitioner alleges that he tendered to the respondent $1,000, with interest to that date; that the respondent accepted the $1,000, but refused to accept the interest on account of the relationship which theretofore existed and was then existing between the parties. Respondent delivered to petitioner the following receipt:

" Phone James 3521            L. WEINBERG, *Pres.*

" CHAMPION QUICK SHOE REPAIRING CO.
156 James St.
Cor. N. Warren
" Syracuse, N. Y., 7/31/1929

" Received from L. Zoccolillo one thousand dollars in full payment on first mortgage against premises known as 421 Hawley Ave., Syracuse, N. Y.

" L. WEINBERG."

Petitioner alleges that respondent agreed to surrender the bond and mortgage, with the discharge of said mortgage; that he failed to deliver same, and on April 10, 1934, he tendered to respondent a discharge of said mortgage, together with twenty-five cents for notary fees, and requested respondent to execute same, which respondent refused to do.

Respondent alleges that the petitioner paid him the sum of $1,000 July 31, 1929, in satisfaction of the principal of said bond and mortgage; that petitioner did not tender the interest to him, and that he never agreed in any way to waive said interest or abate the same; that he retained the bond and mortgage on the understanding that petitioner would pay the interest and take up same, and that he has been willing at all times to execute a discharge of mortgage upon the receipt of interest due.

In view of the fact that respondent retained possession of the bond and mortgage, the court concludes that petitioner did not tender to him the interest on July 31, 1929, when the face of the mortgage was paid. Even if respondent did agree to waive the interest, such agreement would be without consideration and he now has the power to insist upon the payment of said interest. (*Fuller* v. *Kemp*, 138 N. Y. 231, 237; *Hudson* v. *Yonkers Fruit Co.*, 258 id. 168, 171.)

Petitioner is entitled to an order discharging said mortgage upon payment to the respondent of interest upon said bond and mortgage from September 21, 1928, to July 31, 1929, and interest upon that sum from July 31, 1929, to the date of entry and service of the order to be granted herein. In the event that respondent refuses to accept said moneys, petitioner may pay the same to the officer designated by law to hold court funds or moneys deposited in court in the county of Onondaga. Petitioner is also entitled, upon the payment of said moneys, to a return of said bond and mortgage and to the cancellation and discharge of said mortgage upon the record of mortgages in the Onondaga county clerk's office.

Enter order accordingly. No costs allowed.