Louis Abelson, Respondent, v. Louis Gordon, Jr., Appellant.

Appeal by the defendant from a judgment rendered in favor of the plaintiff in the Municipal Court of the city of New York, fifth district, borough of Manhattan.

Shafer & Levin, for respondent.

Max Monfried, for appellant.

MacLean, J.   In this action to recover a balance due for goods sold and delivered, no sufficient reason is made to appear for interfering with the determination of the trial justice, as regards either the defense of breach of contract or that of accord and satisfaction.   While " the law favors the adjustment of such controversies without judicial intervention, and will not permit the creditor to accept and retain money which has been tendered by way of compromise, and then successfully litigate with his debtor for the recovery of a greater sum " (Fuller v. Kemp, 138 N. Y. 231, 237), this applies only to cases of unliquidated claims, in dispute as to the amount due, for, " If the claim is liquidated, the mere acceptance of a part, with the promise to discharge the whole, is not enough, for there is no new consideration.   Ryan v. Ward, 48 N. Y. 204.   If the claim is unliquidated, the acceptance of a part and an agreement to cancel the entire debt, furnishes a new consideration which is found in the compromise."   Nassoiy v. Tomlinson, 148 N. Y. 326, 329, 330.   In the case at bar, dispute there seems to have been as to the kind or quality of the goods, but not as to the price in part or in aggregate.   As, then, " It is only in cases where a dispute has arisen between the parties as to the amount due and a check is tendered on one side in full satisfaction of the matter in controversy that the other party will be deemed to have acquiesced in the amount offered by an acceptance and a retention of the check " (Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 301), the judgment herein in favor of the plaintiff should be affirmed.

McAdam, P. J., and Scott, J., concur.

Judgment affirmed, with costs.