## MEEKER v. REQUA.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. ACCORD AND SATISFACTION—EVIDENCE—EFFECT.

Where supplementary proceedings revealed that the judgment debtor had no property subject to execution, but the creditor agreed to accept in satisfaction of the judgment a sum less than the judgment, to be paid by the debtor in monthly installments out of a salary exempt from execution, and such sum was paid and a satisfaction piece delivered to the debtor, the creditor could not thereafter recover the balance of the judgment.

Appeal from Trial Term, New York County.

Action by Lydia F. Meeker, as executrix of the estate of Alice F. Ketcham, deceased, against Leonard F. Requa. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

James A. Allen, for appellant.
P. Van Alstine, for respondent.

McLAUGHLIN, J. This action was brought upon a judgment. The answer denied the material allegations of the complaint, except as to the recovery of the judgment, and as to that alleged an accord and satisfaction.

Upon the trial it appeared that the plaintiff, on the 11th of November, 1885, through her attorney, one Charles C. Leeds, recovered a judgment in the Supreme Court of this state, against the defendant in this action and one Caywood, for $3,321.67; that in October, 1891, proceedings supplementary to execution were instituted by Leeds, acting for the plaintiff, in which the defendant in this action was examined as to his property. The examination failed to disclose any property which could be applied toward the payment of the judgment, and, after the proceedings had been adjourned from time to time, an agreement was entered into between this defendant and Leeds, by the terms of which the defendant was to pay, out of the salary he was then receiving (which was exempt from execution), the sum of $400 in satisfaction of the judgment—the same to be paid in equal monthly payments of $33.33 each. The settlement and compromise as set out in the agreement was approved by an order of the Surrogate's Court of the county of New York, upon a petition duly made therefor by the plaintiff. Payments were thereafter made by the defendant, in accordance with the agreement, until the sum of $400 had been fully paid, and thereupon the plaintiff satisfied the judgment by delivering to the defendant a satisfaction piece. It is true the plaintiff denied any knowledge of the agreement between Leeds and the defendant; denied that her signatures to the complaint in the original action, to the petition upon which the order of the Surrogate's Court was based, and to the satisfaction piece were genuine; and also denied in the first instance that her signature to the complaint in the present action was genuine, but subsequently admitted that the same was her genuine signature. Leeds, her former attorney, testified that she authorized the settlement with the defendant, and that her signature to the petition to the Surrogate's Court for leave to settle on the terms stated in the agreement, as well as her signature to the satisfaction piece, was genuine. The trial court sent the case to the jury, with instructions if they found her signature on the petition and satisfaction piece were genuine, then their verdict would be for the defendant. The jury found for the defendant, and from the judgment entered on such verdict the plaintiff has appealed.

The finding of the jury establishes that Leeds was authorized to settle with the defendant upon the terms stated in the agreement, and that the plaintiff's signature to the petition for leave to settle upon such terms, as well as her signature to the satisfaction piece, was genuine. We have, therefore, a case in which a judgment creditor agrees to settle with the debtor, providing a specified sum be paid—which the

debtor thereafter pays—and the creditor satisfies the judgment in accordance with the agreement. Under such facts I think it must be held that the creditor is precluded from thereafter maintaining an action upon the judgment, and this irrespective of the amount paid.

But the appellant insists that the payment of $400, being for a less amount than the judgment sued on, was not a satisfaction of it; that, the judgment being a liquidated claim, nothing less than its full payment could legally amount to its satisfaction; and in this connection invokes the rule, which is undoubtedly well settled, that the payment of a sum less than the amount of a liquidated debt, under an agreement of the creditor to accept the same in satisfaction of the debt, forms no bar to a recovery of the balance. This rule, however, has no application in the case of a judgment where the agreement has been acted upon and the judgment satisfied, and especially so when an additional benefit has been conferred upon the creditor. Thus, in Jaffrey v. Davis, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710, where one indebted upon an open account gave to his creditor his promissory notes for one-half of the debt, secured by a chattel mortgage, under an agreement with the creditor that he would accept the same in full satisfaction and discharge of the debt, and the debtor paid the notes as they became due, and the creditor satisfied the mortgage, it was held that the new agreement was valid—supported by a sufficient consideration—and an action could not, the agreement having been satisfied, be maintained to recover the balance of the debt. Here, an additional benefit was conferred upon the plaintiff by the agreement. The examination in the proceedings supplementary to execution had failed to disclose any property which could be reached, and it was then that the agreement was made by which, for a satisfaction of the judgment, the defendant was to pay the $400 at stated times out of his salary, which was exempt from execution. Defendant kept his part of the agreement. The plaintiff kept hers by satisfying the judgment, and the execution and delivery of the satisfaction piece precluded her from thereafter maintaining any claim upon the judgment. I know of no rule of law which prevents a judgment creditor from satisfying a judgment for less than the amount of it, and if he does he is just as effectually prevented from maintaining an action upon the judgment as he would be had the full amount been paid. Whether this be true or not, there certainly can be no question, when an additional benefit is conferred, as here, that an action cannot be maintained whether the full amount is paid or not.

Other questions are raised by the appellant, but they do not seem to be of sufficient importance to require consideration. The judgment and order appealed from, therefore, must be affirmed, with costs. All concur.