C. ZETTO SHAVER, Appellant, *v.* GEORGE A. ARMSTRONG, as Administrator, etc., of AZARIAH ARMSTRONG, Deceased, Respondent.

(County Court, Madison County, February, 1907.)

Accord and satisfaction — Payment of less sum than due — Application of rule to disputed demands — Payment for live cows and refusal to pay for dead one.

Where defendant's intestate bought from plaintiff nine cows, which the plaintiff agreed to deliver at a place designated by the purchaser, and, after the purchase and vesting of title in the defendant's intestate and before delivery, one of the cows died, and plaintiff delivered the eight living cows and the calf and hide of the dead one, and defendant's intestate paid him for eight cows but refused to pay him for the dead cow, the payment by defendant's intestate and its acceptance by plaintiff did not constitute an accord and satisfaction; but plaintiff is entitled to recover the price of the dead cow.

APPEAL by the plaintiff from a judgment rendered in favor of the defendant in justice's court of the town of Eaton, Madison county, N. Y.

John A. Johnson, for appellant.

Clinton Noble, for respondent.

KILEY, J.   The above action was commenced on the 26th day of February, 1906, by the service of a summons in favor of the plaintiff against one Azariah Armstrong, who died subsequently to the trial of the action, the present defendant and respondent being substituted as a party to the action in his place and stead.

The action was tried March 22, 1906, before the justice and a jury.

Plaintiff complained against the defendant for $28.73, balance of purchase price due on nine head of cattle of $360.

The defendant denied the allegations in the complaint,

setting up a counterclaim, and also alleged payment of $310 in full payment and satisfaction of all of plaintiff's claim.

Upon the trial the counterclaim was withdrawn, and the question litigated was the question of payment and satisfaction of plaintiff's demand by that payment.

The evidence shows that, on the 17th day of February, 1906, defendant's intestate came to plaintiff's house and bought some cows; that ten cows were turned into the barnyard for defendant's intestate to examine; that he selected nine of them and agreed to pay therefor forty dollars apiece, and paid ten dollars upon the purchase price.

The evidence shows, and it is not disputed upon the argument upon this appeal, that, on the 17th day of February, 1906, defendant's intestate purchased nine cows, and that the title thereto vested in him.

This position taken by the plaintiff was conceded to be correct by respondent on the argument.

On the next day after purchasing the cows, one of them died. At the time of the purchase, it was agreed that plaintiff should deliver the cows at direction of defendant's intestate, to a farm of one Mr. Curtis, who had also purchased some of the cows. On the following Tuesday, pursuant to the instruction of defendant's intestate, the plaintiff drove the eight cows to Mr. Curtis' and took with him the calf and hide of the dead cow, and the sole question to be decided upon this appeal is whether what took place there upon that day constituted an accord and satisfaction of plaintiff's claim.

Plaintiff testifies as to that transaction as follows: "After I got there" (meaning Mr. Curtis' farm) "Mr. Armstrong came and asked me if I brought the cows. I said 'yes, but one of them died, didn't Mr. Curtis tell you?' He said 'no.' We then went to Mr. Curtis' house. He paid me for the eight cows at $40.00 less $5.00. When I counted I said 'you have paid me too much, you paid me ten dollars when you bought them,' and I gave him back $5.00 and then I asked him to pay me for the ninth cow. He said no he would not. Then I said 'I will make you trouble.'"

Defendant's intestate testified upon that subject as fol-

lows: "On the second Monday following I went to Mr. Curtis'. Mr. Shaver had eight cows, a calf and the cow's hide there; he asked me to pay for the dead cow. I said no, I would not pay for dead cows. I paid him for the eight cows at $40.00 each."

Mr. Curtis, who was present at the time of the above conversation, testified: "Mr. Armstrong paid Mr. Shaver in my house for the eight cows. Mr. Shaver asked him what he was going to do about the dead cow. Mr. Armstrong said he was not going to pay for dead cows. Mr. Shaver then said he would make trouble for him."

Plaintiff contends that there was no evidence to support the defense of accord and satisfaction. And that, therefore, that being the only issue litigated, there is no evidence to sustain the verdict of the jury in favor of defendant's intestate.

The claim against the defendant's intestate was a fixed and stated claim, viz., nine cows at forty dollars each. There never was any dispute between the parties as to the amount that defendant's intestate was to pay to the plaintiff for the nine cows. The only question here is whether, when the plaintiff accepted the payment for the eight cows at forty dollars each, he foreclosed his right to make the claim against defendant's intestate for the balance.

I think the evidence clearly shows that he did not intend to relinquish that right; that upon that issue the minds of the parties did not meet. Defendant's intestate did not pay any greater sum for the eight cows than he had agreed to pay, and, concededly, the title to the ninth cow had vested in him at the time of the purchase. Plaintiff had a right to accept payment for the eight cows and decline to settle with the defendant's intestate for the ninth unless he paid him the amount due for that cow. There can be no accord and satisfaction under these circumstances. Komp v. Raymond, 175 N. Y. 102. In that case the court, at page 113, referring to 157 New York, says: "In that case it was held that to constitute an accord and satisfaction the debtor and creditor must mutually agree as to the allowance or disallowance of their respective claims and as to

the balance struck upon the final adjustment of their accounts and demands on both sides." Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289; Laroe v. Sugar Loaf Dairy Co., 180 id. 367; Abelson v. Gordon, 36 Misc. Rep. 812; Meeker v. Requa, 94 App. Div. 300.

The above case was an action upon a judgment upon which $400 had been paid as full accord and satisfaction. At page 302 of the opinion, the court says: "But the appellant insists that the payment of the $400, being for a less amount that the judgment sued on, was not a satisfaction of it; that, the judgment being a liquidated claim, nothing less than its full payment could legally amount to its satisfaction, and in this connection invokes the rule which is undoubtedly well settled, that the payment of a sum less than the amount of the liquidated debt, under an agreement to accept the same in satisfaction of the debt, forms no bar to the recovery of the balance. This rule, however, has no application in the case of a judgment, etc."

The amount due from defendant's intestate to the plaintiff in the first instance was for a fixed and definite sum, and under the evidence there is no question as to his liability for that sum, and the rule of accord and satisfaction should not be extended to maintain a transaction against evident justice of plaintiff's claim.

The appellate court, under section 3036 of the Code, is directed to render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits.

Upon the whole evidence I feel it is my duty to hold that there was no question of fact to submit to the jury upon the trial of this case. I do so hold, and the judgment is reversed, with costs of the appeal to the appellant.

Judgment reversed, with costs of appeal to appellant.