### KLEINFELTER v. GRANGER et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1912.)

Appeal from Trial Term.

Action by Henry H. Kleinfelter against Adolph F. Peterson and William H. Granger. From a judgment of the Trial Term (136 N. Y. Supp. 485), reversing a judgment dismissing the complaint, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Bartlett & Chamberlain, of Buffalo, for appellants.
Gibbons & Pottle, of Buffalo, for respondent.

PER CURIAM. Judgment affirmed, with costs.

SPRING, J. (dissenting). There was no controversy over the sum which the defendant was to pay for the tomatoes. They were to be shipped in September, and were not received until about December; and the defendant was obliged, in order to satisfy its customers, to pay five cents a dozen more than the contract price with the plaintiff. On the 13th of December, 1907, it sent to the plaintiff its check for the amount of the claim, less the damages which the defendant had suffered by reason of the failure of the plaintiff to deliver the goods on time. The letter states:

"We have deducted cash discount of $19.56 and 5 cents per dozen on minimum contract with you of seventy-five per cent., equal to 1,125 cases. This will make $112.50 which we justly claim as damage for your breach of contract as we had to buy at a higher price and besides lost much business on account of your long delay in shipping."

The plaintiff accepted this check, used it without objection and without communication with the plaintiff, and I think this should be held to be an assent to the deduction which was made. The plaintiff, when he received the check, knew of the damages claimed by the defendant and for what purpose, and there is no controversy over the fact that the delay existed, and that the defendant was obliged by reason thereof to pay five cents a dozen more for the tomatoes which it purchased because of the failure of the plaintiff to deliver on time. It may be that the transaction did not strictly amount to an accord and satisfaction. There was, however, an honest dispute over this deduction, and the plaintiff by accepting the check, understanding clearly why the deduction was made, cannot now be heard to say that the claim of the defendant was not allowed.

Of course, there are many authorities holding that, where a check

is sent for less than the amount of a valid claim, the statement of the sender that it is in full payment does not prevent the receiver of the check from applying it on account and recovering for the balance. In this case, however, there seems to have been a genuine dispute, and there was a consideration for the deduction, if the position of the defendant is correct.

It seems to me, therefore, that the judgment of the Special Term should be reversed, and that of the City Court affirmed.

KRUSE, J., concurs.