(78 Misc. Rep. 123.)

BREWSTER v. SILVERSTEIN.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. ACCORD AND SATISFACTION (§ 27*)—ACTION FOR RENT—DIRECTION OF VERDICT.

Where, in an action for rent, it appeared that the plaintiff accepted and cashed the tenant's check, after being informed by him that he regarded the lease as terminated and that he tendered the check in full payment, and the evidence presented a question of fact as to whether such acceptance constituted accord and satisfaction, it was error to direct a verdict for plaintiff.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 31, 59, 83, 97, 110, 135, 150; Dec. Dig. § 27.*]

2. ACCORD AND SATISFACTION (§ 10*)—PART PAYMENT ON UNLIQUIDATED CLAIM.

The rule that the payment of less than the amount of a debt, which is liquidated and certain, does not constitute accord and satisfaction, has no application, where the debtor has a claim for damages against the creditor; the effect of the debtor's claim of offset being to render the whole claim unliquidated.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 67–74; Dec. Dig. § 10.*]

3. ACCORD AND SATISFACTION (§ 11*)—PART PAYMENT—ACCEPTANCE AS FULL PAYMENT.

Where a tenant notified the landlord that he regarded the lease as terminated upon a certain date, on which the premises were rendered untenantable by fire, and tendered a check for the amount of the rent up to such date, stating on its face that it was in full payment of all claims, the landlord could not retain the check and repudiate such stated condition.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Richard L. Brewster against Samuel J. Silverstein. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 133 N. Y. Supp. 473.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Burnstine & Geist, of New York City (Jos. G. Cohen, of New York City, of counsel), for appellant.

Arthur D. Greenfield and Thomas G. Prioleau, both of New York City, for respondent.

SEABURY, J. The plaintiff sues to recover rent for the months of December, 1910, and January, 1911, for a loft owned by him and occupied by the defendant as tenant under a written lease for a period of two years, at the monthly rental of $113.33, payable on the 1st day of each month. In the lease, the lessor covenanted that, in the event of damage to the demised premises by fire, he would repair the damage forthwith. On December 12, 1910, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said premises were damaged by fire to an extent rendering them untenantable. A dispute arose between the landlord and the tenant as to whether the landlord complied with the terms of the lease as to repairing the damage. The landlord insisted that he was complying with this provision of the lease, and demanded the rent. The tenant claimed that the failure of the landlord to repair the premises constituted such a breach of this covenant of the lease as to give him a claim against the landlord for the damages which he suffered.

On December 23, 1910, the defendant sent the landlord a check for $53.40, which check stated upon its face that it was in full payment of all claims. The defendant's letter, which accompanied the check, stated that the amount of $53.40 was the amount of rent for the demised premises up to December 12, 1910, the day of the fire, and that he considered the relation of landlord and tenant terminated. The check inclosed in this letter the plaintiff immediately returned, with a statement that he declined to accept the amount named in the check in full satisfaction of his claim for rent. The defendant returned the check to the plaintiff, with a note informing the latter that he might accept or reject it, as he saw fit. To this letter the plaintiff replied that he accepted the check in part payment for the December rent, and collected the money upon it, although the defendant, immediately on receipt of the last letter from the plaintiff, again wrote the plaintiff that the check was given only in full payment of all claims, and that, if the plaintiff accepted and deposited the check, the defendant should consider such action as ending the transaction and terminating his liability.

Upon the trial, the defendant claimed that the facts recited above constituted an accord and satisfaction, or that, at least, these facts were sufficient to require the court to submit to the jury the question whether or not there had been an accord and satisfaction. The learned court below took a different view of the case, denied the motion of the defendant to go to the jury, and directed a verdict for the plaintiff for the full amount of his claim. From the judgment entered upon this verdict, the defendant appeals to this court.

[1] Whether or not there was a bona fide dispute between the parties was a question of fact, which should have been submitted to the jury. If the jury found, as it seems to us they might well have found, that there was such a dispute, all the other elements necessary to establish an accord and satisfaction were present, and their verdict should have been for the defendant.

[2] The respondent urges that the debt due the plaintiff was liquidated and certain, and that, therefore, a payment of the debtor of a less sum did not constitute an accord and satisfaction. This rule, however, does not apply where the debtor has a claim for damages against the creditor. In such cases, although the amount of the creditor's claim is not disputed, the fact that the debtor claims to be entitled to an offset renders the whole claim unliquidated, and as such the subject of an accord and satisfaction. Jack-

son v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102, affirmed 178 N. Y. 562, 70 N. E. 1101; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 371, 73 N. E. 61; Uvalde Asphalt Paving Co. v. N. Y., 99 App. Div. 327, 91 N. Y. Supp. 131.

[3] When the defendant tendered his check to the plaintiff in full satisfaction, the latter was not obligated to accept it. He could do one of two things: Either return it, or accept it upon the condition specified. He could not retain the check and repudiate the condition upon which alone it was offered. Fuller v. Kemp, supra; Logan v. Davidson, 18 App. Div. 356, 45 N. Y. Supp. 961; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Komp v. Raymond, 175 N. Y. 112, 67 N. E. 113; Hand v. Supreme Council R. A., 44 App. Div. 487, 60 N. Y. Supp. 808; Lewinson v. Montauk Theater Co., 60 App. Div. 576, 69 N. Y. Supp. 1050; Jones v. Keeler, 40 Misc. Rep. 224, 81 N. Y. Supp. 648; Williams v. Bienenzucht, 54 Misc. Rep. 211, 104 N. Y. Supp. 438; Freiberg v. Moffett, 91 Hun, 20, 36 N. Y. Supp. 95. The evidence presented a question of fact, which the jury, under proper instructions, should have been allowed to pass upon, whether or not the check was accepted under circumstances constituting an accord and satisfaction.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.