## DUNN v. LIPPARD-STEWART MOTOR CAR CO.

(Supreme Court, Special Term, Erie County. November, 1913.)

1. ACCORD AND SATISFACTION (§ 11*)—COMPROMISE AND SETTLEMENT (§ 6*)—PART PAYMENT—CONDITIONED ON ACCEPTANCE AS PAYMENT IN FULL.

The acceptance of a check for the part of a claim admittedly due and owing, even when containing the words "This pays in full," cannot amount to an accord and satisfaction of the balance of the claim which is in dispute, since the payment of the conceded indebtedness could form no consideration for the satisfaction of the disputed balance.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11;* Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6.*]

2. ACCORD AND SATISFACTION (§ 1*)—GROUNDS.

The doctrine of accord and satisfaction is based upon the theory that there exists a valid dispute between parties over some demand, and that by way of compromise a less amount is accepted in satisfaction and adjustment of the dispute.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 1–13; Dec. Dig. § 1.*]

Appeal from City Court of Buffalo.

Action by John P. Dunn against the Lippard-Stewart Motor Car Company. From a judgment for plaintiff, defendant appeals. Affirmed.

J. Ralph Ulsh, of Elmira, for appellant.
David Ruslander, of Buffalo, for respondent.

WHEELER, J. We think the judgment should be affirmed. All questions presented seem to be purely questions of fact, saving the question whether the giving of the check, by the defendant, to the plaintiff, of January 8, 1912, for $22.14, and its acceptance by the plaintiff, bars a recovery for the disputed item of $25.50, a charge for making certain jigs in connection with the manufacture of certain parts furnished the defendant.

On the check, in the upper left-hand corner of the check, were printed the words "This pays in full," and it is contended by the appellant

that the retaining and cashing of this check constituted an accord and satisfaction of the plaintiff's claim. The plaintiff claims these words escaped his notice when he retained and collected the check, and such may well have been the fact, as it appears to have been a part of the form of check used by the defendant. But, even had the plaintiff been cognizant of the words in the check, we do not think that, under the circumstances of this case, it would preclude a recovery.

[1] The evidence discloses that the defendant ordered the making of certain parts, and this involved the making of certain special jigs with which to manufacture the parts. The cost of making the jigs entered into the cost of making the parts. At the request of the defendant, the plaintiff separated the charges, showing the cost of making the jigs independent of the cost of making the parts. The defendant then objected to the charge for the jigs, and disputed the plaintiff's right to make any additional charge for them. Correspondence followed and finally the defendant sent the check in question for the amount of the parts, less a 2 per cent. discount. The defendant in the correspondence never questioned the charges made for making the parts, and no differences ever arose between the parties as to the propriety of the charges for which the check was given.

The question is therefore presented whether sending a check for the amount of a claim admittedly due and owing, and over which there is no dispute, even when containing the words "This pays in full," can be held to bar suit for the disputed item. We had this question up for consideration in Kleinfelter v. Granger (Sup.) 136 N. Y. Supp. 485, and we there held that the payment of an amount concededly due and owing, even when made by a check saying in full settlement, would not amount to an accord and satisfaction of another claim over which a dispute existed, citing Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710; Fuller v. Kemp, 138 N. Y. 237, 33 N. E. 1034, 20 L. R. A. 785; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 368, 73 N. E. 61; Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986.

[2] This rule rests on sound principle. The doctrine of an accord and satisfaction is based upon the theory that there exists a valid dispute between parties over some demand, and that by way of compromise a less sum is accepted in satisfaction and adjustment of the dispute. It is, however, plainly the duty of every one to pay what he concededly owes, and it would be intolerable to hold that one paying what he admittedly owes should be permitted to attach a condition to the payment that it settled all other disputed claims. Certainly there can be said to be no adequate consideration moving from one party to the other to sustain such an accord and satisfaction. The payment of one conceded indebtedness forms no consideration for the satisfaction of another claim. We accordingly conclude that the acceptance of the check did not bar a recovery for the item in dispute.

As to the items in dispute included in the bill for $85.50, we think the City Court properly disposed of this matter. The jigs in question were delivered in February, and were kept and used by the defendant until after June 8th. Then a new engineer came on the scene, and, without notice to the plaintiff, left the articles at his place of business.

The defendant could not escape liability to pay for these articles by such a course of dealing.

We think the City Court properly decided this case, and the judgment appealed from should be affirmed, with costs of the appeal. So ordered.