MOSS et al. v. BERNSTEIN.

(Supreme Court, Appellate Term, First Department.   December 11, 1913.)

1. ACCORD AND SATISFACTION (§ 26*)—EVIDENCE—SUFFICIENCY.

In an action for services in sponging cloth, in which defendant claimed that plaintiffs agreed to allow him $85 for cloth which they had mislaid, and that an accord and satisfaction was had on that basis, evidence *held* to show that the agreement to allow such sum was made.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 162–165; Dec. Dig. § 26.*]

2. ACCORD AND SATISFACTION (§ 12*)—PART PAYMENT AS PAYMENT IN FULL.

Where plaintiffs, who had performed services for defendant in sponging cloth, agreed to allow him a specified amount for cloth they had mislaid, and defendant sent them a check for the balance due on that basis, which recited that it was in full for claims up to a certain date and which plaintiffs accepted and cashed, there was an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 92, 93, 96; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Benjamin S. Moss and others against Jacob Bernstein. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial granted.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Cohen, Creevey & Richter, of New York City (Samuel Conrad Cohen, of New York City, and James Blaine Walker, Jr., of Pelham Manor, of counsel), for appellant.

Myron Sulzberger, of New York City, for respondents.

WHITAKER, J.   [1, 2] This action was brought to recover the sum of $96.83, balance claimed by plaintiffs to be due them for work, labor, and services by plaintiffs for defendant in sponging cloth. The performance of the services is admitted. Defendant pleads accord and satisfaction. The court has given judgment for plaintiffs for the full amount disregarding defendant's defense and virtually holding that no accord and satisfaction was established. Plaintiffs claimed that the balance sued for was due on April 1, 1913. Defendant claims that prior to March 10, 1913, he had sent goods to plaintiffs to be sponged and plaintiffs had mislaid them; that thereafter the plaintiffs had agreed with defendant to allow him $85, as damages for the detention of the goods so mislaid; whereupon the parties struck a balance, and defendant paid plaintiffs the sum of $119.31, being the amount of the balance agreed upon, and thus settled all accounts between the parties up to that time.

Defendant admits that he owes plaintiffs for all services rendered after March 1, 1913, which amounted to $9.12, and alleges that he sent a check to plaintiffs for that amount. The court stated that:

It "was going to decide on the question of whether this arrangement was made allowing $85, and whether he did allow it and accept this check. You did delay the man's goods, the letters show you have his goods."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The court, however, in effect found that the plaintiffs did not agree to allow $85 for the delay in returning the goods to defendant.

A careful examination of the record in this case convinces us that the great preponderance of evidence was in favor of defendant upon that question. There is in evidence a letter of plaintiffs to defendant acknowledging a wrongful detention of the goods and intimating that they will protect defendant by reason thereof. There are three witnesses unimpeached who testify to a conversation with one of the plaintiffs wherein he agreed with defendant to allow $85 as damages or compensation to him for the detention of the goods, and this is followed by a check given by the defendant to plaintiffs for $119.31, upon the face of which is written, "Paid in full for claims up to March 1, 1913." The plaintiffs accepted this check and received the money thereon. The word "claims," used on the face of the check, would indicate that it was not given solely for services rendered. It indicates that plaintiffs were making some sort of "claim" against defendant. Had there been no dispute or disagreement between the parties concerning the accounts between them, it is at least strange that defendant should have given plaintiffs that sort of check, and stranger still that plaintiffs should have accepted it, if it was not in full; there being no claim that defendant was financially irresponsible.

We believe that the record in this case clearly demonstrates that defendant was right in his contention. We think therefore within the reasonable intendment of the law that defendant established his defense. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Brewster v. Silverstein, 78 Misc. Rep. 123, 137 N. Y. Supp. 912.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.