### BAUMAN et al. v. AERO WAIST CO.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

ACCORD AND SATISFACTION ⬤➡11(1)—COMPROMISE AND SETTLEMENT ⬤➡6(2)—
ACCEPTANCE OF CHECK MARKED "IN FULL."

Where a bona fide dispute arose between the sellers and buyer of goods at an agreed price as to whether the quantity and quality of goods purchased had been delivered, and the sellers, during pendency of the dispute, accepted and deposited in their account a check sent by the buyer, indorsed, "Indorsement by the payee is acknowledgment of full payment and satisfaction of the within account," there was a complete accord and satisfaction between the parties.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75, 79–82; Dec. Dig. ⬤➡11(1); Compromise and Settlement, Cent. Dig. §§ 36–38; Dec. Dig. ⬤➡6(2).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Hyman Bauman and another against the Aero Waist Company. From a judgment for plaintiffs, defendant appeals. Judgment reversed, and complaint dismissed.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Cohen & Richter, of New York City (Samuel Conrad Cohen, of New York City, of counsel), for appellant.

Henry S. Mansfield, of New York City, for respondents.

GUY, J. The defendant appeals from a judgment in favor of plaintiffs in an action for goods sold and delivered, tried before the court without a jury. The defense set up is accord and satisfaction.

The evidence shows that, after receipt of the first bill of goods, defendant made claims for shortage of materials, which claims were disputed by plaintiffs; that the dispute continued for a long time, and, before there had been any settlement of the dispute, defendant sent a check to plaintiffs with the indorsement, "Indorsement by the payee is acknowledgment of full payment and satisfaction of the within account." Said check was received by plaintiffs and deposited in their account. In their letter acknowledging receipt of the check, plaintiffs stated that they refused to receive the check in full payment, but credited it on account.

Plaintiffs respondents contend that, as the goods in question were purchased by defendant at an agreed price, it constituted plaintiffs' claim a liquidated claim, and that the doctrine of accord and satisfaction does not apply. This contention cannot be sustained, in view of the fact that a bona fide dispute arose as to whether the quantity and quality of goods purchased had been delivered. The acceptance of the check as indorsed, during the pendency of such a dispute, constituted under the authorities a complete accord and satisfaction. Dunn v. Whalen. 120 App. Div. 729, 105 N. Y. Supp. 588; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Post v. Thomas, 212 N. Y. 265, 106 N. E. 69; Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102, affirmed 178 N. Y. 562, 70 N. E. 1101; Moss v. Bernstein, 144 N. Y. Supp. 531.

The judgment must therefore be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.