## LEVY v. HOLLANDER.

(Supreme Court, Appellate Term, First Department. June 28, 1916.)

ACCORD AND SATISFACTION ⬤⟳4—ACCEPTANCE OF PAYMENT WITHOUT OBJECTION.

Where landlord and tenant disagreed as to who should repair basement after fire, and tenant thereafter for 17 months deducted $30 from his monthly rental, and landlord accepted and cashed tenant's checks, some of which contained notations explaining the deductions, *held*, there was an accord and satisfaction, preventing a recovery of the amounts deducted.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 32–39; Dec. Dig. ⬤⟳4.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jefferson M. Levy against Solomon Hollander. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Jacob Rieger, of New York City, for appellant.
Robert B. Alling, of New York City, for respondent.

PHILBIN, J. This is an action for a balance of rent claimed to be due under a lease made by the plaintiff to the defendant. The defendant pleads accord and satisfaction, and also an agreement by plaintiff to accept a reduced rental. The lease was of a store and basement at $1,800 per year for a term of three years, beginning February 1, 1913, and was the second one of the premises between the parties. Under the former lease the defendant had sublet the basement for $30 per month. A fire had occurred in the latter shortly before the expiration of the old lease, and the injury done thereby had been left unrepaired during the tenancy of the defendant, and which expired February 1, 1916. The defendant and plaintiff apparently disagreed as to who should make the repairs, although the defendant insists that plaintiff promised to do so. After the basement tenants re-

moved, the plaintiff procured estimates as to the cost of repairing the floor of the basement, which was the principal part injured by the fire. The defendant claims that plaintiff said he would allow defendant a deduction on the rent so long as the basement remained unrepaired and vacant. This is denied by the plaintiff.

The defendant then began to deduct $30 per month from the $150 payable monthly under the lease, and it is the aggregate of these deductions, and a further one of $5, that the plaintiff is now seeking to recover. These deductions began August 1, 1914, and continued to and including January 1, 1916. The checks for the reduced amount of $120 were paid monthly. On most of the checks there was noted that there had been a deduction made on account of the basement, and, in one instance, "Amount settled with painter, $5.00." The plaintiff regularly accepted and used the checks. On one of August 5, 1915, he wrote that in accepting it he recognized no allowance. A check of November 5, 1915, when forwarded by defendant, had written on its back a brief statement giving figures showing a result of $120 after deducting the $30. It was indorsed by plaintiff without alteration. On a check of October 6, 1915, a similar inscription was stricken out, apparently by the plaintiff by running a pen through it. The fact that the plaintiff accepted the reduced amount under the circumstances tends to support the defendant's claim of accord and satisfaction.

It was not essential that any dispute between the parties at the time of the payments should have been based, so far as the defendant was concerned, upon any claim by him which was good in law. Post v. Thomas, 212 N. Y. 264, 273, 106 N. E. 69. It is not necessary to find, for example, that he had a legal right to insist upon the plaintiff repairing the basement, before paying the proportion of rent applicable to that part of the premises. There was undoubtedly a dispute between the parties as to who should make the repairs made necessary by the fire, which occurred before the existing lease began. The plaintiff's secretary, who had communications with defendant on his behalf, testified that she told the plaintiff of the attitude taken by the defendant, as indicated by the reduced checks.

The plaintiff denied, when testifying, that he ever told defendant he could take an allowance as long as the condition in the basement existed; but he knew defendant deducted the $30 per month on that account. The following question and answer occurred in plaintiff's testimony:

"Q. He claimed it was your duty to make the repairs in that cellar, and you claim it was his duty? A. Yes, sir; that is it."

It must be held that all the elements of accord and satisfaction were made out, and that a judgment for the plaintiff was in contravention of the proof.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.