MORRIS J. FRANK and ISAAC N. GILBERT, Respondents, . *v.* WALTER J. VOGT, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916).

Accord and satisfaction — what constitutes an — contracts — appeal — actions — pleading.

Where one has a liquidated claim subject to reduction by · disputed .or unliquidated set-off or counterclaim the acceptance of a check for a smaller amount than the liquidated claim but offered in full payment thereof acts as a liquidation or settlement of the dispute and constitutes an accord and satisfaction.

Where, in an action to recover the balance due upon the agreed.purchase price of goods sold and delivered, it is conceded that plaintiffs failed to furnish goods of the character called for by the contract of sale, defendant has a right to set-off against the purchase price the damages, if any, which he may have suffered, and where it appears that plaintiffs received and accepted a check from defendant subject to the condition that it was to pay for the goods received and was to fix the allowance to be made to defendant for *non-delivery* of other goods covered by the same contract of sale an accord and satisfaction arises as matter of law.

Where it appears that defendant at the time he sent the . check did not consider that plaintiffs had broken the contract by failure to deliver but was willing to await the release from the custom. house of the goods not ' delivered, and the evidence leads to the inference that defendant at all times considered that the accord and satisfaction was to end all disputes between the parties and that he was to receive the goods not delivered only in case they were released, the finding that there had been an accord and satisfaction calls for the reversal ~f a judgment in

favor of plaintiffs so far as it sustains the defendant's counterclaim.

Defendant's plea of accord and satisfaction being established as matter of law, a judgment in favor of plaintiffs will be reversed and judgment ordered for defendant for the dismissal of the complaint, with costs.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, rendered in favor of the plaintiffs for $333.06.

Morris Blau, for appellant.

Gilbert, Lauterstein & Gilbert (Francis Gilbert, of counsel), for respondents.

LEHMAN, J.  The plaintiffs sued the defendant for the unpaid part of the agreed price of artificial silk sold and delivered to the defendant.  The defendant in his answer sets up that there was an accord and satisfaction for the price of the goods actually delivered and counterclaims for damages for the nondelivery of other goods covered by the same contract of sale.

The evidence shows that the plaintiffs agreed to sell to the defendant "viscose process artificial silk, 150 denier" at $2.10 per pound. The words "150 denier" show the weight per yard of the artificial silk to be delivered and it is conceded that part of the silk delivered was of a higher denier.  In other words the defendant has received goods which cost more per yard than the goods which the plaintiffs agreed to deliver.  The plaintiffs also concede that part of the goods covered by the contract were not delivered but were mislaid in the custom house.  The last delivery of silk was made on or about October twenty-second, and the plaintiffs sent the defendant a bill dated on that day for the sum of $9,258.90, the agreed price of

Supreme Court, Appellate Term, December, 1916.    [Vol. 97.

the goods if the contract had been fully performed. On October 26, 1915, the plaintiffs wrote to the defendant that three cases could not be found and authorized the defendant to deduct from the bill the sum of $756, the price of the three cases according to the invoice weight. On October twenty-eighth the defendant sent plaintiffs a check for $3,000 on account " part fulfillment of your contract." The trial justice has set forth the other facts in his opinion, as follows: " On October 30th the defendant wrote the plaintiffs as follows: ' I am enclosing copy of test of case No. 6 received from you Oct. 22nd. You will see same is 22 points heavier than contract of Aug. 6 calls for. I look for a substantial allowance on said lot.'

" On November 6th, the defendant again wrote: ' Enclosed please find check for $4995.69/100 Dollars in full payment of goods delivered to me on my contract after deducting what you owe me for mdse delivered. You will note that I have deducted 5% from your bill for silk for the difference in the weight of the silk delivered. I contracted for 150 Dennier silk & you delivered 172 Dennier average as per United States Conditioning & Testing Co. Certificate difference about 13% in weight.

" ' Under the circumstances you will acknowledge that the settlement with 5% deduction is very fair. I expect delivery of the 3 Public Store cases as soon as released.'

"A check for $4995.69 was enclosed and on the back of the check was written 'In full payment of bill Oct. 22nd less credit Nov. 1st & bills for goods delivered to you. Pay to the order of M. J. Frank & Co., Walter J. Vogt.'

" With the check there was also enclosed the following statement:

" ' To Mr. FRANK & Co. Dr.
       35-37-39 West 36th St.,
               New York, November 1, 1915.
   WALTER J. VOGT,
       Glendale, L. I.
   Net, Net cash

| | | |
|---|---:|---:|
| Oct  22 To mdse ................ | 9258.90 | |
| | | 9258.90 |
| Oct  29 By check ................ | 3000.00 | |
| Nov  1  "  credit .............. | 756.00 | 3756.00 |
| | | $5502.90 |

Please receipt and return

| | | |
|---|---:|---:|
| Oct  22 ....................... | 9258.90 | |
|    Off credit .............. | 756.00 | |
| | 8502.90 | |
|    5% . .................. | 425.14 | |
| | 8077.76 | |
| Oct. 29 By check ................ | 3000.00 | |
| | | 5077.76 |
|    Contra a/c ..................... | | 73.07 |
| | | 5004.69 |
|    Off  express  charges............. | | 9.00 |
| | | 4995.69 ' |

" It is undisputed that the first half of this statement was prepared by the plaintiffs and the second half below the words ' Please receipt and return ' was written by the defendant.

" There are two credits on this statement which are admitted by the plaintiffs, namely the credit of $756.00

for the missing three cases and the sum of $73.07 for merchandise sold by the defendant to the plaintiffs and not paid for.

"The disputed items which the defendant deducted are the 5% or $425.14 which the defendant deducted because he claimed that the said silk delivered was of a higher denier than that contracted for, and the $9.00 which he claimed on account of express charges.

"These two disputed items make up the sum of $434.14 for which the plaintiffs now sue.

"On November 8th, the plaintiffs answered the defendant's letter of November 6th as follows:

"'We are in receipt of your check for $4995.69, with which we have credited your account. Confirming the telephone conversation of our Mr. Frank with you this morning we wish to say that we cannot accept this in full settlement of our account. There is still open on our books a charge of $425.14 and we would kindly ask you to send us check covering this amount so that we may balance this bill of October 22nd.

"'Thanking you for any courtesy shown us in this matter, we are,

"'Very truly yours,
"'M. J. FRANK & COMPANY.'"

The learned trial justice has found that these facts do not establish the defense of an accord and satisfaction; that the plaintiffs are entitled to recover the full price of the silk delivered. He has also found that the defendant is entitled to recover on his counterclaim for nondelivery of the three cases, and has given judgment for the plaintiff for the sum of $302.65. The serious question is whether the facts, as conceded, or as found by the trial justice, do not establish the defendant's plea of accord and satisfaction as a matter of law.

The trial justice has written a careful opinion analyzing most of the cases which have considered the law governing accord and satisfaction in this state and his opinion that the facts in this case do not establish this defense merits careful attention. He has reached the conclusion that since the plaintiffs' claim for the agreed price was liquidated and the defendant merely claimed a right to counterclaim for defect in quality the defendant could not deduct arbitrarily what he thought was the correct allowance under his alleged counterclaim " binding the plaintiffs with its conclusiveness, send a check for the balance and claim an accord and satisfaction by reason of the plaintiffs' cashing of the check." He relies for authority upon the following cases: *Klinefelter* v. *Peterson,* 136 N. Y. Supp. 485; affd., 152 App. Div. 896; *Dunn* v. *Lippard Stewart Motor Co.,* 144 N. Y. Supp. 349; *Abelson* v. *Gordon,* 36 Misc. Rep. 812; *Windmuller* v. *Goodyear Tire & Rubber Co.,* 123 App. Div. 424; *Eames Vacuum Brake Co.* v. *Prosser,* 157 N. Y. 289; *Laroe* v. *Sugar Loaf Dairy Co.,* 180 id 368.

The facts in this case show, I think, clearly that the plaintiffs received and accepted a check subject to the condition that it was to pay for the goods received by the defendant and was to fix the allowance to be made to the defendant for the plaintiffs' breach of the express warranty to deliver goods of " 150 denier." There can be no doubt that if the defendant gave any consideration for the plaintiffs' acceptance of the condition attached to the check, then the defendant has established an accord and satisfaction. There is, of course, no doubt that a debtor is bound to pay the amount of a conceded debt, and the payment of a conceded debt and *a fortiori* the payment of a lesser amount than the conceded debt can furnish no con-

sideration for the relinquishment by the creditor of a part of some other claim. In the case of *Klinefelter* v. *Peterson, supra,* and again in the case of *Dunn* v. *Lippard Stewart Motor Co., supra,* the court held that this rule prevented it from finding an accord and satisfaction in those cases. As the court in the case of *Dunn* v. *Lippard Stewart Motor Co.* said: "(2) This rule rests on sound principle. The doctrine of an accord and satisfaction is based upon the theory that there exists a valid dispute between parties over some demand, and that by way of compromise a less sum is accepted in satisfaction and adjustment of the dispute. It is, however, plainly the duty of every one to pay what he concededly owes, and it would be intolerable to hold that one paying what he admittedly owes should be permitted to attach a condition to the payment that it settled all other disputed claims. Certainly there can be said to be no adequate consideration moving from one party to the other to sustain such an accord and satisfaction. The payment of one conceded indebtedness forms no consideration for the satisfaction of another claim. We accordingly conclude that the acceptance of the check did not bar a recovery for the item in dispute."

I do not think there can be any dispute as to the soundness of this rule, but the difficulty lies in its application. In those cases and in the case of *Windmuller* v. *Goodyear Tire & Rubber Co.,* 123 App. Div. 424, the plaintiffs had sold and delivered to the defendants goods at an agreed and undisputed price. As in this case, the plaintiffs' claims in all those cases were liquidated and in those cases the defendants paid to the plaintiffs a part of the conceded and agreed price, but deducted from that price the amount which the defendants claimed they were entitled to for breach of an alleged collateral provision of the contract. In all

those cases the courts have held that since there was no dispute as to the agreed price, and since only part payment was made of that, the plaintiffs had a right to accept such part payment without waiver of their claim to full payment.   Even if from such part payment an agreement to waive the right to full payment could be inferred, the courts held that such an agreement would be without consideration.   In the present case, however, a new element enters into the transaction.   The plaintiffs had agreed to furnish goods of a definite character and the defendant claimed, and the plaintiff now concedes, that they had failed to furnish goods of this character.   The defendant had, therefore, a right to set off against the purchase price any damages which he may have suffered, and these damages were unliquidated.   Possibly there were in fact no damages — possibly they amounted to more than five per cent.   In any event, the condition which the defendant attached to the check was that the dispute between the parties be adjusted at five per cent. If the plaintiffs accepted the check on these conditions they secured not simply part payment of their claim, but they also secured an adjustment of an actual dispute between the parties and a liquidation of damages on the dispute.

In the cases relied upon by the learned justice below, the various defendants had perhaps given no such consideration.   In all those cases the various defendants merely set up a disputed claim and arbitrarily deducted the amount which they were claiming from the amount which they owed to the various plaintiffs. Even if they were not bound to pay the claims of the plaintiffs, except subject to a deduction for their counterclaims, they were bound to pay at least the surplus over their counterclaims.   They deducted from their

payments the full amount of the damages which they claimed to have suffered and paid only the amounts which they admitted were due, and which the plaintiffs admittedly had a legal right to receive. In the present case, on the contrary, the defendant's letter showed that he was offering the check to adjust the difference between the parties on a basis which he thought fair. If he had gone into court he might have been able to show greater damages. The plaintiffs were not entitled to payment beyond the contract price diminished by the defendant's actual damages. The defendant had a right to insist upon the court fixing these damages and when he offered to pay to the plaintiffs the amount of their claim on condition that they accept as fair the amount which he offered in full settlement of the disputed questions, and the plaintiffs accepted the check and the condition, an accord and satisfaction arose as a matter of law.

It would seem that these principles are well established by authority in this department. The decisions of the Appellate Division in *Jackson* v. *Volkening*, 81 App Div. 36; *Uvalde Asphalt Paving Co.* v. *City of New York*, 99 id. 327, and the decisions of this court in *Brewster* v. *Silverstein*, 78 Misc. Rep. 123; *Dobbs* v. *Prudden-Winslow Co.*, 95 id. 250, and *Levy* v. *Hollander*, 159 N. Y. Supp. 822, all hold that where one person has a liquidated claim, subject to reduction by disputed and unliquidated set-off or counterclaim, the acceptance of a check for a smaller amount than the liquidated claim, but offered in full payment thereof, acts as a liquidation or settlement of the dispute and constitutes an accord and satisfaction. The plaintiff does not attempt to distinguish these cases, but urges that the earlier cases in the Appellate Division have been overruled by the case of *Windmuller* v. *Goodyear Tire & Rubber Co.*, *supra*, and this court has errone-

ously followed the overruled decisions. I think this contention is entirely unsound. In the case of *Wind-muller* v. *Goodyear Tire & Rubber Co.* the sale was made at an agreed price, but the defendant claimed that the plaintiffs had warranted the goods would come up to a certain test and had agreed to the deduction of a *specified sum* if the goods failed to come up to the test. The only dispute between the parties was as to whether the plaintiff had given such a warranty. Thus the plaintiff had a conceded claim for a liquidated amount against the defendant and the defendant had a disputed claim also for a liquidated amount. Consequently when the defendant paid to the plaintiffs the amount it owed, less its own claim for liquidated damages, the court held that it paid only a part of what it concededly owed and retained fully its own liquidated damages upon the disputed claim and that such payment could not be regarded as a compromise or settlement of the disputed claim. The Appellate Division did not, however, expressly or impliedly over-rule its earlier decisions, and this court has uniformly followed those decisions when they applied. The judgment in favor of the plaintiff should, therefore, be reversed and the complaint dismissed.

It seems to me that under the circumstances we should also dismiss the defendant's counterclaim for nondelivery of three cases of silk. The letter of November 6, 1915, in which the defendant inclosed his check, states: " I expect delivery of the 3 Public Store cases as soon as released." The defendant at that time evidently did not consider that the plaintiffs had broken their contract by failure to deliver, but was willing to await the " release " of these cases. The plaintiffs never made any delivery and the defendant never made any further claim or gave any further

notice that the plaintiffs had broken their promise, as required by section 130 of the Personal Property Law. It would appear that these cases were never " released," but were lost in some manner in the custom house. It seems to me that the evidence leads to the inference that the defendant at all times considered that the accord and satisfaction was to end *all* disputes between the parties and that he was to receive the additional cases only if and when they were " released." Under these circumstances I feel that the finding that there has been an accord and satisfaction should also lead to a reversal of the judgment in so far as it sustains the defendant's counterclaim.

Judgment reversed, with thirty dollars costs, and judgment ordered for the defendant dismissing the complaint on the merits, with costs.

WHITAKER and FINCH, JJ., concur.

Judgment reversed, with costs.