GALVANOTYPE ENGRAVING COMPANY, Respondent, *v.* IN-
TERNATIONAL BIBLE STUDENTS ASSOCIATION, Appellant.

(Supreme Court, Appellate Term, First Department, January,.
1917.)

Accord and satisfaction — what constitutes an — contracts — trial —
when judgment reversed.

Where there is a *bona fide* dispute as to plaintiff's claim
for payment of the agreed price of certain engraving cuts
ordered by defendant, which, taking the position that the con-
tract as a whole had not been complied with, sends its check,.
for an amount covering only a part of the items originally
charged for under the contract, inclosed in a letter stating
that " The acceptance of this check settles the account in
full," and plaintiff accepts and cashes said check, the trans-
action constitutes an accord and satisfaction.

It appearing that all the attendant circumstances of the
case have been fully disclosed at the trial and that the accord
and satisfaction cannot be modified by further testimony, a
judgment in favor of plaintiff will be reversed and the com-
plaint dismissed.

APPEAL by defendant from a judgment of the Munici-
pal Court of the city of New York, borough of Manhat-
tan, first district, in favor of plaintiff after a trial by
a judge without a jury.

Sparks, Fuller & Stricker (Jesse Fuller, Jr., of
counsel), for appellant.

Mark H. Ellison, for respondent.

BIJUR, J. This appeal involves a single question of
law, namely, whether upon the undisputed facts there
was an accord and satisfaction. Defendant, in 1913,
ordered from plaintiff for use in a publication a num-

ber of engraving cuts at an agreed price which would have amounted in the aggregate to some $446. Plaintiff delivered the cuts which defendant returned with both written and verbal protest to the effect that the cuts were not properly made. The matter remained open between the parties during the year 1913.

Plaintiff's contention is that defendant finally accepted some $316 worth of these cuts, leaving $130 worth to be paid for, such $130 being applicable to the payment of cuts which plaintiff had in its possession and which were duly tendered to defendant, and which plaintiff claims corresponded completely with the order given.

Defendant's position is, and was, that the job as a whole was not according to order, but that it (defendant) undertook in order to relieve plaintiff to accept and pay for as many of the cuts as were or could be rendered satisfactory through correction or changes to be made by plaintiff. That defendant's position was as I have recited is indicated beyond the possibility of contradiction (even if contradiction had been attempted) by the defendant's letters in evidence. Thus on December 19, 1913, defendant concluded a letter returning some of the cuts as follows: " Thanking you to give this matter your prompt attention, and assuring you that we are making every effort to use all of the cuts possible of your production, overlooking as much as possible the minor defects, we beg to remain,'' etc.

Finally, on March 26, 1914, defendant wrote the plaintiff the following letter in which the situation was summed up, and inclosed therein a check for $216.88, which together with the $100 previously paid, makes the $316.88 which plaintiff admits to have received:

" GENTLEMEN.— Your communication of January 30th at hand.

" We again most respectfully remind you and again repeat as last expressed to you in our letter of January 10th, that we have NEVER recognized the cuts which you manufactured as being those we ordered, but merely as an accommodation to your company, and a desire to be as liberal as possible, did we conclude to use any of them at all. The entire lot was refused point blank. Subsequently, on your earnest solicitations we agreed to take off your hands just as many as we might possibly be able to use, regardless of the fact that they were not our cuts. This we have now done, and beyond our most hopeful expectations we have had you deliver to us the majority of your cuts and although they were NOT THOSE WE ORDERED, we are very glad for your sake that we have been able to accommodate you to this extent, but must assure you that we will be unable to go beyond this.

"Accordingly we are pleased to enclose herewith Watch Tower Bible & Tract Society Check No. B9027 for $216.88 as the full amount due you, according to statement rendered. *The acceptance of this check settles the account in full* and we are glad that we have been enabled to do so much better for you than you and we had originally hoped for.

" *Kindly acknowledge.*

" Yours very truly,"

There is some dispute whether the inscription on the check " settlement in full " was on the check when plaintiff received and cashed it, but that fact is quite immaterial in view of plaintiff's distinct admission that the letter was received inclosing the check. *Fuller* v. *Kemp,* 138 N. Y. 231; *Nassoiy* v. *Tomlinson,* 148 id. 326. Moreover, plaintiff further testified: " Q. And

you knew it contained a reference on the check to payment in full of account, do you not? A. I did. Q. You say there was something on the back? A. Yes. Those words there. I received the letter with the check which I remember said something like that says there. Q. What? A. That it was in settlement of the account or something of that kind. I accepted the check. I used the check, but I didn't tell you that I would accept that in full payment, and I never wrote a letter to you that I did. Q. You did not reply to the letter at all? A. No." Further the witness testified: " I rendered no statement showing that that check was in full; absolutely not." The witness also testified that he or the bookkeeper continuously sent statements after the cashing of this check to defendant showing $130 as still due.

Passing by the question whether the testimony as to the subsequent statements was competent as being mere hearsay, and assuming that such statements were sent, I think it quite immaterial. It is manifest that the position of plaintiff at the trial was that the cashing of the check with full consciousness of the condition that it was sent in full settlement of the account which called for $130 more did not constitute an accord because the plaintiff did not write or send statement thereafter to defendant acknowledging that it had so accepted the check. It is to be noted that there was no claim on plaintiff's behalf that it had communicated with the defendant *before it cashed the check* and procured the latter's consent to cashing it merely as a payment on account and without reference to the condition imposed by defendant that it should be accepted in full. *Laroe* v. *Sugar Loaf Dairy Co.,* 180 N. Y. 367. Plaintiff's counsel on this appeal realizes of course that plaintiff's contention at the trial is under the authorities unavailing and does not urge it in his brief.

His sole claim is that "The appellant paid the respondent what it admitted to be due," and he insists that the case of *Dunn* v. *Lippard,* 144 N. Y. Supp. 349; affd., 148 id. 1114, is directly in point. He quotes from that case: "The payment of an amount concededly due and owing, even when made by check saying in full settlement, would not amount to an accord and satisfaction of another claim over which a dispute existed."

He cites also *Wolfe* v. *Mack,* 81 Misc. Rep. 185, 189. This contention is merely another form of the claim that no dispute existed at the time of the alleged accord. Of course if plaintiff's charge involved a number of *separable* items some of which were admitted and some of which were disputed, it is possible that the payment of the admitted items on condition that a separate disputed item should thereby be deemed satisfied might not properly be treated as an accord. The rule that might be held to govern in such a case is expressed in *Mance* v. *Hossington,* 205 N. Y. 33: "The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction of another and independent alleged liability." It is suggested here that this case falls within that rule because defendant paid only an "admitted liability," and sought thereby an accord of "another and independent alleged liability." The failure of that contention, however, lies in a misconstruction of the meaning of the words "admitted liability."

In the *Mance* case the court says (at p. 35): "There *concededly* remained due and unpaid to the plaintiff for such services the sum of $17.15, and such employment and services were entirely independent of the employment and services described in the pleadings in this action." It was the payment of this $17.15 that was sought to be availed of as an accord of the "other

Supreme Court, Appellate Term, January, 1917. [Vol. 98.

and independent services.'' Of this the court said (at p. 36): '' The receipt of the $17.15 was not a payment of anything other than the balance unpaid upon the account for services prior to October 7, 1904, and it being for an amount concededly due and unpaid on such independent contract, it was not an accord and satisfaction of another disputed and unliquidated claim.''

In the instant case, however, there was in the true sense no '' admitted liability.'' Defendant, it is true, admitted that he owed plaintiff for a part of the goods actually accepted by him, but, at the time the payment in full was made, the plaintiff was repudiating defendant's liability based on that theory. The actual situation at the time of defendant's final payment was this: '' Plaintiff insisted that it had performed its contract and that the whole amount called for thereby was due from defendant. Defendant insisted that the contract had not been performed and that it regarded the same as unperformed or broken by the plaintiff, but that defendant had, in accordance with a new and different understanding (quite regardless of whether it was sufficiently proved or not), accepted and paid for part of the goods covered by the original contract. Defendant's position in turn was contested and repudiated by the plaintiff, and the respective positions were as made absolutely inconsistent. There was, therefore, no '' admitted liability '' of the defendant under any form or obligation concurred in by both parties. Nor indeed, can it be said that defendant '' admitted '' any liability except conditionally, namely, on condition that that be the full extent of its liability under the relations between the parties.

The dispute, therefore, in substance, was whether the plaintiff had performed its contract. The fact that defendant adjusted or measured the final payment

according to some theory or understanding of its own is quite immaterial. Plaintiff agreed to no such theory or liability. The payment made, therefore, was an adjustment of the dispute existing between the parties as to the performance or non-performance of the original contract, and being plainly made in full settlement of plaintiff's entire claim thereunder constituted an accord thereof.

It is significant that in the *Dunn* case the opinion expressly says: "At the request of the defendant the plaintiff *separated* the charges showing the cost of making the jugs independent of the cost of making the parts." But that is not the instant case. Plaintiff was insisting that it had complied with its agreement for the furnishing under one order of the entire lot of $446.88 worth of these cuts. Defendant took the position that the contract as a whole had not been complied with, but that as an accommodation to plaintiff, and to relieve him from loss so far as possible, it would use as many of the cuts as were available. Having done so it sent its check in full payment of the whole account although the payment covered only a part of the items originally charged for *under the contract*.

It would be difficult to find a more apt illustration of a case where defendant disputed the plaintiff's claim as made as a whole but offered by way of mutual accommodation to pay a certain amount for reasons fully explained in full settlement of the entire account, and such offer was unqualifiedly accepted by the acceptance and use of the check. I do not understand it to be claimed; and indeed it could not be successfully urged on this record, that the dispute was not *bona fide*, regardless of the merits of the respective contentions. *Jackson* v. *Volkening*, 81 App. Div. 36; affd., 178 N. Y. 562; *Laroe* v. *Sugar Loaf Dairy Co.*, 180 id. 367, 371.

As it is evident that all the circumstances of the

case have been fully disclosed at the trial, and the force and effect of the transactions between the parties as an accord and satisfaction cannot be modified by further testimony, the judgment must be reversed with thirty dollars costs, and the complaint dismissed, with costs.

GUY and SHEARN, JJ., concur.

Judgment reversed, with costs.